IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **RUBY KENDRICK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 3:05cv762-C |
| **AMERICAN GENERAL LIFE AND** ) | |
| **ACCIDENT INSURANCE COMPANY,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant American General Life and Accident Insurance Company ("American General") files this Notice of Removal to remove this civil action from the Circuit Court of Chambers County, Alabama, wherein it was filed as CV-00-256, to the United States District Court for the Middle District of Alabama, Eastern Division, and shows unto this Honorable Court as follows:

1.  As detailed in this Notice of Removal, on or around July 12, 2005 Plaintiff filed an amendment to the complaint that specifically asserts a claim pursuant to 42 U.S.C. §§ 1981 and 1982. As a result, this civil action arises under 42 U.S.C. §§ 1981 and 1982 and has become removable based on federal question jurisdiction.

2.  In October of 2000, Plaintiff Kendrick filed a Complaint in the Circuit Court of Chambers County, Alabama, in the civil action styled *Kendrick v. American General Life and Accident Insurance Company, et al.*, Civil Action No. CV-00-256. On or about July 12, 2005, plaintiff filed an amended complaint that alleged a claim pursuant to 42 U.S.C. §§ 1981 and

-1-

1982 for the first time. *See* Plaintiff's First Amended Complaint, attached hereto as Exhibit A. A true and correct copy of all process, pleadings, and orders served upon American General is attached hereto as Exhibit B.

3.  This civil action is removable because it raises a federal question and therefore arises under the laws of the United States within the meaning of 28 U.S.C. §§ 1331 and 1441. This Court has subject matter jurisdiction over this civil action and removal is proper pursuant to 28 U.S.C. §§ 1331, 1367 and 1441.

## FEDERAL QUESTION JURISDICTION

4.  Plaintiff's first amended complaint alleges claims pursuant to 42 U.S.C. §§ 1981 and 1982. *See* Exhibit A.

5.  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6.  Federal question jurisdiction exists in this case since plaintiff's suit arises under 42 U.S.C. §§ 1981 and 1982. *Gully v. First National Bank in Meridan*, 299 U.S. 109, 112 (1936) ("How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. . . To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.") (per Cardozo, J.); *see also, Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359, 79 S. Ct. 468, 473 (1959) (the assertion of a claim under a federal statute "alone is sufficient to empower the District Court to assume jurisdiction over the case. . ."). Original federal question jurisdiction is available if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board*

*of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856 (1983) ("*Franchise Tax Board*").

    7.  Plaintiff's first amended complaint satisfies the Eleventh Circuit's explanation of the scope of federal question jurisdiction:

> Federal question jurisdiction exists if the plaintiffs' suit "arises under" the "Constitution, treaties, or laws of the United States." [28 U.S.C. § 1441(b)]; 28 U.S.C. § 1331. In general, a case "arises under" federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10, 13, 103 S. Ct. 2841, 2846, 2848, 77 L.Ed.2d 420 (1983). The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint. . . .

*Pacheco de Perez v. AT&T Company*, 139 F.3d 1368, 1373 (11th Cir. 1998). In this case, plaintiff's suit arises under federal law because 42 U.S.C. §§ 1981 and 1982 create the cause of action at issue. *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1308-1309 (11th Cir. 2001) ("[F]ederal courts have federal-question jurisdiction over suits 'in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). The federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint . . ."); *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) ("[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute."); *City of Huntsville v. City of Madison*, 24 F.3d 169, 171-172 (11th Cir. 1994) ("Federal question jurisdiction may be

*of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856 (1983) ("*Franchise Tax Board*").

   7. Plaintiff's first amended complaint satisfies the Eleventh Circuit's explanation of the scope of federal question jurisdiction:

> Federal question jurisdiction exists if the plaintiffs' suit "arises under" the "Constitution, treaties, or laws of the United States." [28 U.S.C. § 1441(b)]; 28 U.S.C. § 1331. In general, a case "arises under" federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10, 13, 103 S. Ct. 2841, 2846, 2848, 77 L.Ed.2d 420 (1983). The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint. . . .

*Pacheco de Perez v. AT&T Company*, 139 F.3d 1368, 1373 (11th Cir. 1998). In this case, plaintiff's suit arises under federal law because 42 U.S.C. §§ 1981 and 1982 create the cause of action at issue. *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1308-1309 (11th Cir. 2001) ("[F]ederal courts have federal-question jurisdiction over suits 'in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). The federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint . . ."); *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) ("[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute."); *City of Huntsville v. City of Madison*, 24 F.3d 169, 171-172 (11th Cir. 1994) ("Federal question jurisdiction may be

based on a civil action alleging a violation of the United States Constitution or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute.") (citations omitted).

8.  This Notice of Removal is timely because it is being filed within thirty days of the service of plaintiff's first amended complaint from which it could first be ascertained that the case is one which is or has become removable. Section 1446(b) provides in relevant part that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). Plaintiff's first amended complaint, which stated a claim under 42 U.S.C. §§ 1981 and 1982 for the first time, triggered a new thirty day removal period pursuant to 28 U.S.C. § 1446 (b). *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69, 117 S. Ct. 467, 473 (1996) ("[A] defendant who receives a pleading or other paper indicating the post commencement satisfaction of federal jurisdictional requirements . . . may remove the case to federal court within 30 days of receiving such information."); *Lazuka v. Federal Deposit Insurance Corp.*, 931 F.2d 1530, 1537 (11th Cir. 1991) (thirty day removal period begins to run, "when a plaintiff amends its claim to include a new cause of action containing a bases for federal jurisdiction."); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3732 at 31 (3d ed. 1998) ("This transformation of a state court case from non-removable to removable status may occur in a number of ways that will begin the new thirty-day period provided for in Section 1446(b). The plaintiff may amend the initial pleading to include a claim for relief that falls within the subject matter jurisdiction of the federal courts, such as a federal question claim..."); *Leffall v. Dallas Independent School District*, 28 F.3d 521,

-4-

525 (5th Cir. 1994) ("[T]he removal clock began to run in the instant case only when the defendants received a pleading that revealed on its face that [plaintiff] was asserting a cause of action based on federal law."); *Cervantz v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996).

9. All properly joined and served Defendants join in and consent to this removal.

10. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

12. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Court Clerk for the Circuit Court of Chambers County.

13. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama.

14. If any question arises as to the propriety of the removal of this action, American General requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, American General, desiring to remove this case to the United States District Court for the Middle District of Alabama, Eastern Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

01208746.1

_____
Lee E. Bains, Jr. (BAI005)
Michael D. Mulvaney (MUL012)
Thomas J. Butler (BUT028)
Attorneys for Defendant, American General Life and Accident Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Nicholas H. Wooten
Wooten & Carlton, P.C.
P.O. Drawer 290
LaFayette, AL 36862

Robert S. W. Given
Burr & Forman, L.L.P.
420 20th Street North
SouthTrust Tower, Ste. 3100
Birmingham, Alabama 35203

on this the 9th day of August, 2005.

_____
OF COUNSEL