

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| RUBY KENDRICK, | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| VS. | ) | CV 2000-256 |
| | ) | |
| AMERICAN GENERAL LIFE AND | ) | |
| ACCIDENT INSURANCE COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| **DEFENDANTS,** | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Ruby Kendrick, by and through her attorney of record and files her First Amended Complaint. The plaintiff realleges all allegations in the initial Complaint.

### COUNT I
### RACIAL DISCRIMINATION IN VIOLATION OF 42 USC 1981

1. Plaintiff incorporates herein by reference all allegations made in the initial Complaint.

2. The defendants intentionally discriminated against the plaintiff by charging her higher premiums than those charged to similarly situated Caucasian policy owners by selling policies with less or different benefits than those provided to similarly situated Caucasian policy owners and by steering plaintiff to certain types of policies or prohibiting or specifically instructing their agents to not offer or sell other policies to African-Americans.

3. The foregoing conduct violated the rights of the plaintiff to make and enforce contracts on the same terms as Caucasian policy owners.

4. The defendants unlawfully discriminated against the plaintiff in the formation of contracts, the making, modification and termination of

contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship and/or conduct that interferes with the right to enforce or establish contractual obligations.

5.  The defendants actions violate 42 USC 1981 as well as the rights of the plaintiff under the 5th, 13th and 14th amendments if the Constitution of the United States.

6.  The plaintiff has overpaid premiums and suffers from and will continue to suffer from the defendants' illegal discrimination absent action by the court.

## COUNT II

## RACIAL DISCRIMINATIONIN VIOLATION OF 42 USC 1981

7.  Plaintiff repeats and realleges all allegations previously made.

8.  Life insurance is personal property within the meaning of 42 USC Section 1982.

9.  The defendants have discriminated against the plaintiff with respect to the policies they have inherited, purchased and held.

10. Plaintiff has not had the same right to inherit, purchase and hold the insurance sold by the plaintiff as other similarly situated Caucasians. As a result, the defendant has violated 42 USC 1982.

11. The defendants' violation of 42 USC 1982 was intentional and malicious.

12. The plaintiff has continued to hold policies within the time period or periods allowed under the plaintiff's claim.

13. As a proximate result of a defendants' conduct in violating 42 USC 1982, the plaintiffs have

14. The plaintiff brings this claim pursuant to the Federal cause of action provided under the section stated herein.

Wherefore, premises considered, the plaintiff demands Judgment against the defendants in an amount of compensatory and punitive damages as a jury may award.

Done this the _12th_ day of July, 2005.

Nicholas H. Wooten (WOO084)
Attorney for the Plaintiff

OF COUNSEL:

WOOTEN LAW FIRM, P.C.
Attorneys at Law
P.O. Drawer 290
LaFayette, AL  36862
(334) 864-2132
fax: (334) 864-2133

## CERTIFICATE OF SERVICE

I HEREBY certify that I have served a copy of the foregoing on counsel of record for the Defendants at the addresses listed below on this the _12th_ day of July, 2005 by the following method(s):   **U.S. Mail**

Hon. Edward M. Holt
Maynard, Cooper & Gale, P.C.
1901 6th Ave. N
2400 AmSouth/Harbert Plaza
Birmingham, AL  35203-2618

Nicholas H. Wooten