

RECEIVED **IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF ALABAMA**

2000 NOV 29  P  3: 54 **EASTERN DIVISION**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| **RUBY KENDRICK, A** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CIVIL ACTION NO.** |
| | )    _____ |
| **AMERICAN GENERAL LIFE AND** | ) |
| **ACCIDENT INSURANCE COMPANY,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO DISMISS
## OR, IN THE ALTERNATIVE,
## <u>MOTION FOR MORE DEFINITE STATEMENT</u>

COME NOW Defendants American General Life and Accident Insurance Company[1] and

American General Life Insurance Company (hereinafter referred to as "American General") and

move this Honorable Court to dismiss Plaintiff's Complaint because it fails to satisfy applicable

pleadings requirements and fails to state a claim upon which relief can be granted. In the alternative,

American General moves this Court to enter an order requiring Plaintiff to provide a more definite

statement of her claims, including the allegations applicable to each policy at issue in this case, and

the specific allegations against each Defendant. In support of this Motion, American General states

as follows:

---

[1]Defendant American General Life and Accident Insurance Company is the successor by merger to Independent Life and Accident Insurance Company ("Independent Life"), which is also named as a defendant in this civil action. Independent Life is no longer a separate corporate entity.

1.    Plaintiff's Complaint is one of several cookie cutter complaints that have been filed by Plaintiff's counsel against American General. The same allegations are repeated verbatim in each complaint. The only variation in the complaints is the identification of the plaintiff, the agent defendant, the counties of residence of the plaintiff and the agent defendant, and the policies purchased by the plaintiffs. Other than that slight variation, Plaintiff's Complaint in this case makes the same boilerplate allegations as all the other complaints filed by Plaintiff's counsel. Plaintiff's Complaint makes general factual allegations, some of which may be relevant and many of which are wholly irrelevant to this particular case.

2.    The Complaint does not state the allegations that are applicable to any policy that is the subject of this case. The Complaint does not reveal the policies that Plaintiff alleges to involve racially discriminatory premiums. Other than identifying American General and interchangeably using the term "Defendants" in the general factual allegations, Plaintiff makes no attempt to identify whether American General or the Agent Defendant committed the wrongful acts alleged in the Complaint.

3.    Plaintiff's Complaint asserts a hodgepodge of claims in a total of eight counts. Each of those counts is asserted against each Defendant. When describing each count, Plaintiff merely incorporates by reference all of the factual allegations that appear at the beginning of the Complaint. In Counts Two through Eight, Plaintiff even incorporates the paragraphs that allege each prior count. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (condemning shotgun complaint in which each count incorporated all the factual allegations and all the preceding counts);

-2-

*Moore v. American Federation of Television and Radio Artists*, 216 F.3d 1236, 1247 (11th Cir. 2000) (affirming dismissal of a count in a shotgun complaint that incorporated all preceding paragraphs).[2]

4.     Plaintiff makes the following claims against *all* Defendants without any specific reference as to which Defendant committed the alleged wrongful act: unjust enrichment; money had and received; fraud; suppression; conversion; breach of fiduciary duty; and outrage.

5.     The Eleventh Circuit Court of Appeals has repeatedly condemned "shotgun" complaints, such as the pleading filed by the Plaintiff in this case. *See e.g., Pelletier v. Zweifel,* 921 F. 2d 1465, 1517-18 (11th Cir. 1991) (labeling complaints as "quintessential 'shotgun' pleadings" because they contained facts not material to any of the causes of action and each count incorporated all of the factual allegations); *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F. 3d 1290, 1332-1333 (11th Cir. 1998) (criticizing district court for not accepting its responsibility to narrow and define the issues raised by plaintiff's shotgun complaint).

6.     Such shotgun complaints "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; . . . If the trial judge does not quickly demand repleader, all is lost – extended and largely aimless discovery will commence, and the trial court will soon be drowned in an unchartered sea of depositions, interrogatories, and affidavits. The result is a massive waste of judicial and private resources; moreover, 'the litigants suffer, and society

_____

[2]*Iverson v. Xpert Tune, Inc.*, 553 So. 2d 82, 87 n.1 (Ala. 1989) ("Because the Alabama and federal rules are virtually identical, a presumption arises that cases construing the federal rules are authority for construction of the Alabama rules."); *Ex parte Scott*, 414 So. 2d 939, 941 (Ala. 1982) ("Due to the similarity of the Alabama and Federal Rules of Civil Procedure, a presumption arises that cases construing the Federal Rules are authority for construction of the Alabama Rules.")

loses confidence in the court[s'] ability to administer justice.'" *Johnson Enterprises,* 162 F. 3d at

1333 (footnote omitted); *see also Cramer v. State of Florida,* 117 F.3d 1258, 1263 (11th Cir. 1997)

("shotgun complaints . . . are altogether unacceptable"). Thus, it is important for the district court

to "narrow and define the issues from the earliest stages of the litigation." *Ebrahimi v. City of*

*Huntsville Bd. of Educ.,* 114 F. 3d 162, 165 (11th Cir. 1997).

    7.     Plaintiff's shotgun Complaint in this case does not meet the minium standards of

pleading in this jurisdiction and unnecessarily complicates this Court's task in ruling on issues that

may arise in this litigation. *See GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359,

1368 (11th Cir. 1998) (attributing district court's error, at least in part, to difficulty in deciphering

plaintiff's shotgun complaint).

    8.     In dealing with a similar complaint that did not state specific allegations against the

non-diverse agents, the Northern District of Alabama recently explained that such a pleading fails

to satisfy applicable pleading standards:

> A reading of the complaint filed by [plaintiff] fails to reveal any
> allegation of any specific act on the part of any identified individual
> defendant involving the plaintiff.
>
> . . . [P]laintiff has not identified any act on the part of any individual
> defendant which would give rise to a cause of action. A plaintiff may
> not merely list a number of Alabama citizens employed by a
> particular company and aver that one of them must have done
> something wrong at some period of time and that if and when it is
> discovered that they have, a factual basis for the allegation will
> follow. Rule 8 requires more. The requirements of Rule 11 obligate
> plaintiff to identify the basis upon which she makes her allegations
> against the named individual defendants. She has never said that she
> purchased a policy from any of the named defendants. She has not
> said that she was misled by any of the named defendants. She has not
> said that she acted in reliance upon the representation of any

-4-

individual defendant. She has not even said she had any dealings or contact with any of the named defendants.

*Hatcher v. American General Life and Accident Company*, Civil Action No. 00-PWG-2609-E at 13

(N.D. Ala. Oct. 18, 2000) (Exhibit A hereto).

9.     The Eleventh Circuit has suggested that a defendant should file a motion for more definite statement when faced with a shotgun complaint. *Johnson Enterprises*, 162 F.3d at 1332; *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-1083 (11th Cir. 1996); *Marx v. Gumbinner*, 855 F.2d 783, 792 (11th Cir. 1988); *see also Hamilton v. Board of School Commissioners of Mobile County*, 993 F. Supp. 884, 887 n.4 (S.D. Ala. 1996) (When plaintiff files a shotgun complaint, "it is incumbent upon the defendants to move for a more definite statement pursuant to Fed. R. Civ. P. 12(e).").

10.     The Eleventh Circuit has repeatedly explained that a district court has the inherent authority to demand repleader *sua sponte* of a shotgun complaint. *Cramer v. State of Florida*, 117 F.3d at 1263 ("[T]he district court, acting on its own initiative, should have stricken [plaintiffs' shotgun] complaints and instructed counsel to replead their cases. . ."); *Johnson Enterprises*, 162 F.3d at 1332 n.94 ("District courts have the inherent authority to demand repleader *sua sponte*"); *Fikes v. City of Daphne*, 79 F.3d at 1083 n.6; *Marx v. Gumbinner*, 855 F.2d at 792; *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d at 165 (commending the district court for undertaking "the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation").

11.     An Alabama circuit court has granted a motion for more definite statement directed to a similar cookie cutter complaint in a case that is pending in state court. *Marshall v. American*

*General*, Civil Action No. CV-00-35 (Circuit Court of Barbour County, Ala. Sept. 19, 2000) (attached hereto as Exhibit B).

12.    In heeding the Eleventh Circuit's proscriptions against shotgun complaints, district courts in the Eleventh Circuit have dismissed such complaints with leave for plaintiff to refile an amended complaint that cures the pleading defects. *Young v. SouthTrust Bank, N.A.*, 51 F. Supp. 2d 1274, 1279, 1285-1286 (M.D. Ala. 1999); *Lucy v. Clarke County*, 2000 WL 549983 at *1-3 (S.D. Ala. April 27, 2000); *Eddins v. Florida Dept. of Children and Families*, 2000 WL 869449 at *1 (M.D. Fla. June 28, 2000); *McKenzie v. E.A.P. Management Corp.* 1998 WL 657524 at *1 (S.D. Fla. 1998).

13.    Plaintiff's Complaint also fails to plead the fraud counts with the specificity required by Rule 9(b). Rule 9(b) requires that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." The Eleventh Circuit has explained that, pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements or misrepresentations made; (2) the time, place and person responsible for the statements; (3) the content and manner in which those statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1380-81 (11th Cir. 1997); *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994) ("The plaintiff's complaint must allege the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them. [Defendant] argued successfully below that [plaintiff's] complaint did not satisfy Rule 9(b). We agree. [Plaintiff] made general conclusory allegations of fraud.") (citation omitted).

14.    A complaint that "lump[s] together all of the Defendants in [its] allegations of fraud" and is "devoid of specific allegations with respect to the separate Defendants" is woefully inadequate

and fails to meet Rule 9(b) standards. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d at 1381; *see also Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) ("[T]he complaint does not specify what affirmative misrepresentation any defendant . . . is alleged to have made."); *de Atucha v. Hunt*, 128 F.R.D. 187, 189 (S.D.N.Y. 1989) ("'Where there are multiple defendants, the complaint must disclose the specific nature of each defendant's participation in the alleged fraud.'"), *aff'd.*, 979 F.2d 846 (2nd Cir. 1992); *Coronet Insurance Co. v. Seyfarth*, 665 F. Supp. 661, 666 (N.D. Ill. 1987) ("Where there are allegations of a fraudulent scheme with multiple defendants, as in the present case, the complaint must inform each defendant of the specific fraudulent acts which constitute the basis of the action against the particular defendant. . . Plaintiffs may not 'lump' defendants together in general allegations of fraudulent activity, implying that each defendant is responsible for the statements and actions of others.").[3]

15.    In this case, Plaintiff has not identified a single specific allegation against the Agent Defendant. In the muddled and conclusory Complaint, Plaintiff repeatedly refers collectively to "Defendants" without stating which defendant made any representation or took any specific action as to which policy owned by the Plaintiff. Plaintiff does not allege the precise statements or misrepresentations made; the time, place and person responsible for the statements; the content and

---

[3] Rule 9(b) of the Alabama Rules of Civil Procedure has also been strictly interpreted by Alabama courts. *Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422 (Ala. 1981) (affirming motion to dismiss fraud claim and recognizing that under Rule 9(b), "`[t]he pleading must show time, place and the contents or substance of the false representations, the facts misrepresented and identification of what has been obtained.'"); *Robinson v. Allstate Insurance Co.*, 399 So. 2d 288, 289-290 (Ala. 1981) (affirming motion to dismiss fraud claim and holding that "Rule 9(b), ARCP, provides that when fraud is alleged, the circumstances constituting the fraud shall be stated with particularity. . . . The pleader must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained").

manner in which the statements misled the Plaintiff; and what each Defendant gained by the alleged fraud. Plaintiff also fails to allege with particularity the factual predicate for the fraudulent concealment or suppression claims. *See generally, State Farm Fire & Casualty Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1999).

16.    Plaintiff fired a shotgun complaint in this case. This Court should follow the Eleventh Circuit's mandate and find that Plaintiff's Complaint missed its mark.

**WHEREFORE**, American General moves this Court to enter an order dismissing Plaintiff's Complaint for failure to satisfy applicable pleadings requirements and for failure to state a claim upon which relief can be granted. In the alternative, American General asks this Court to enter an order requiring Plaintiff to provide a more definite statement of her claims, including the allegations applicable to each policy at issue in this case and the specific allegations against each Defendant.

_____
Lee E. Bains, Jr. (BAI005)
Michael D. Mulvaney (MUL012)
J. Alan Baty (BAT029)

Attorneys for Defendants American General Life and Accident Insurance Company and American General Life Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
Fax: (205) 254-1999

-8-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Dismiss or, in the Alternative, Motion for More Definite Statement has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

David Cowan
Mann & Cowan
2000 B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209

Robert S. W. Given
Burr & Forman, L.L.P.
420 20th Street North
SouthTrust Tower, Ste. 3100
Birmingham, Alabama 35203

on this the _29th_ day of _November_, 2000.

_____
OF COUNSEL

-9-



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

U.S. DISTRICT COURT
N. D. OF ALABAMA

MATTIE HATCHER,                          )
                                         )
         Plaintiff,                      )
                                         )
v.                                       ) CIVIL ACTION NO. 00-PWG-2609-E
                                         )
AMERICAN GENERAL LIFE AND                )
ACCIDENT INSURANCE COMPANY,              )       **ENTERED**
ET AL.,                                  )
                                         )       OCT 1 8 2000
         Defendants.                     )

## O R D E R

On August 14, 2000 Mattie Hatcher, plaintiff in the above-referenced civil action,

filed a complaint in the Circuit Court of Calhoun County, Alabama which alleges that defendant

American General Life and Accident Insurance Company (American General), a Tennessee

corporation, and perhaps that "defendants Shawn Austin, Terry Wooten, Ronnie White, Samuel

Ramsey, John Lawrence, M. W. Weems, Alice Smith and D.C. Hornbuckle" as agents of American

General, engaged in conduct which gives rise to a cause of action for money damages. (Document

#18, Exhibit A). The complaint alleges that

> 7. This lawsuit seeks redress for fraudulent scheme
> and common course of conduct involving deceptive
> sales practices, unconscionable conduct,
> overreaching, fraud and deception by American
> General and certain life insurance companies acquired
> by it relating to the training of its agents, and the
> marketing, sale and administration of industrial life
> insurance policies...
>
>                  . . . .
>
> 9. As part of it is nationwide scheme, American
> General targeted low income, impoverished,
> unsophisticated minority segments of the population

24

and marketed the industrial life insurance product for sales to these consumers. In addition, American General charged African-American individuals more for these policies than it charged similarly situated white individuals.

. . . .

21. In furtherance of its nationwide scheme, American General has opposed [   ] efforts of state insurance regulators and legislators to require American General to inform policy holders of the total amount of premiums that have been paid on investor policies. Further, on information and belief, American General has intentionally refused, delayed, and avoided providing such information on the request of its industrial policy holders.

(Document #18, Exhibit A).[1]

Plaintiff is an African-American citizen who was sold "at least two industrial burial and 'sick' policies over the years. These policies ... were purchased beginning in the late 1950's." (Paragraph 29).[2] The complaint alleges causes of action including unjust enrichment (count one); money had and received (count two); conversion (count three); breach of contract (count four); negligence (count five); negligent and/or wanton training (count six); negligent and/or wanton supervision (count seven); breach of a fiduciary duty (count eight); deceit (count nine); continuing misrepresentations and suppressions (count ten); and outrage (count eleven). Plaintiff seeks

---

[1] While plaintiff appears to make discrete claims the complaint also refers to "plaintiff and class members [who] have lost and/or cause losing millions of dollars..." (Paragraph #22). (Emphasis added).

[2] As the complaint is obviously an inadequately edited version of a document submitted in other actions, it is extremely difficult to read. For example at paragraph 31 Ms. Hatcher tells us that "the plaintiffs may have been sold additional policies ..." There are, however, no other "plaintiffs" identified. There are numerous references to multiple plaintiffs in addition to members of an unidentified class. (Paragraphs 22, 26, 27, 31, 32, 34, 37, 55 and 78(e)).

2

DAMAGES

As a consequence of the acts and omissions of the
defendant as described in each count of the complaint,
plaintiff has been injured and damaged as follows:

(a)    [Plaintiff has] paid premiums for services
       which were not provided;

(b)    [Plaintiff has] paid premiums in excess of
       what reasonably should have been paid for the
       policies;

(c)    [Plaintiff has] received a lower cash
       accumulation in the policies than bargained
       for;

(d)    [Plaintiff has] lost the value and use of [her] money;

(e)    [Plaintiff has] incurred attorneys fees and
       expenses; and

(f)    [Plaintiff has] suffered mental and emotional
       distress.

**WHEREFORE, PREMISES CONSIDERED,**
plaintiff demands judgment against each defendant,
named and fictitious, jointly and severally for
compensatory damages in an amount not to exceed
$60,000.00.

In the Notice of Removal, American General and the individual defendants allege

fraudulent joinder of the resident agents and, further, that

8. In this case, plaintiff generally attacks the sale of
industrial life insurance policies, which plaintiff
defines as "a life insurance product which typically
has a low face value and premium payments which
are designed to appear to the policy holder to be
modest. (See Complaint at ¶ 8).

Plaintiff makes individual claims only, but it
appears as if she originally drafted her complaint with
a class action in mind. (See Complaint at ¶ ¶ 22,
23(referring to 'class members'). As a result it is
difficult to determine what claims plaintiff is actually
making on her own behalf and what claims she has
now abandoned in light of her failure to pursue a class
action. What we are left with is a shoddy complaint,

3

> making some claims which clearly *cannot* apply to
> this plaintiff for the reasons set forth below.
> (emphasis in original).

(Notice of Removal at ¶ 8).

At page thirteen of the removal notice the defendants allege that the amount in controversy is

satisfied because plaintiff's complaint alleges common law claims and "seeks a judgment against

*each defendant* ..., jointly and *severally*, for compensatory damages in an amount not to exceed

$60,000." "... plaintiff has sued *twelve* defendants seeking $60,000 from **each** of those defendants

**severally**. In the aggregate, plaintiff thus seeks $720,000 from the defendants in this case. The

$75,000 amount-in-controversy is thus met in this case." (emphasis in the original).

Before the court are the following motions:

(1)    the motion of American General for jurisdictional discovery (document #9);

(2)    the motion to dismiss filed by Jesse W. Cotten (document #10);

(3)    the motion to dismiss filed by Shawn Austin (document #11);

(4)    the motion to dismiss filed by Richard Prickett (document #12);

(5)    the motion to dismiss filed by Alton Burgess (document #13);

(6)    plaintiff's motion to remand (document #17);

(7)    plaintiff's motion to "strike and objections to jurisdictional discovery" (document #18);

(8)    plaintiff's motion styled as a "motion for reconsideration" of a September 21, 2000 order of this court (document #19); and

(9)    American General's motion to defer ruling on plaintiff's motion to remand pending discovery on jurisdictional issues (document #22).

4

This matter is before the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b); Rule 72(b) of the *Federal Rules of Civil Procedure*; LR 72.1; and the General Orders of Reference dated July 25, 1996, May 8, 1998, as amended July 27, 2000.

Plaintiff's motion to remand asserts that remand is required in that the amount in controversy is less than the jurisdictional amount. (Document #17). Plaintiff observes that defendants seek jurisdictional discovery concerning the jurisdictional amount in controversy citing *Burns v. Windsor,* 31 F.2d 1092 (11th Cir. 1994). Plaintiff then asserts that defendants' discovery request is itself an admission that federal jurisdiction is not "absolutely clear" and remand to the state court is the only appropriate remedy. Plaintiff has confused the evidentiary standards applicable to the amount in controversy. As more fully set forth below the extraordinary ambiguity of the complaint itself puts the issue of the amount in controversy "in play."[1/] For reasons more fully set forth below, defendants' motion for jurisdictional discovery (document #9) is GRANTED in part. A ruling on plaintiff's motion to remand (document #17) will be DEFERRED.

## GENERAL PRINCIPLES

The United States District Court for the Northern District of Alabama is a creation of Congress, U.S. Const., Art. III, and possesses only that portion of the constitutionally permissible field of Article III jurisdiction specifically granted to it by Congress. The contours of its jurisdiction may not, and must not, be expanded by judicial usurpation. *Snyder v. Harris*, 394 U.S. 332, 341, 89 S.Ct. 1053, 1059, 22 L.Ed.2d 319 (1969). Congress has granted subject matter jurisdiction to

---

[1/] Plaintiff also cites the order of another judge of this court in which it is alleged that faced with the "identical" circumstances, the matter was remanded to the Alabama Circuit Court from which it originated. Curiously, the cited opinion observes that defendant "has offered no proof and does not allege plaintiff's damages exceed $75,000...." (emphasis added). Here defendants merely seek the opportunity to offer such proof. Moreover, they have clearly alleged that plaintiff has sought in excess of $75,000 which is not an unreasonable construction of an otherwise ambiguous ad damnum clause.

district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" provided that complete diversity exists between the parties. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 1235 (1806). The rule of complete diversity holds that generally diversity jurisdiction may be sustained only where "there is no plaintiff and no defendant who are citizens of the same state." *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 18 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998).

"Subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power. Whether raised by the litigants or not the federal courts, including appellate courts, are duty-bound to determine jurisdiction and dismiss [or remand] any case in which it is found to be wanting." *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983). "... [J]urisdiction is not a game. As the Supreme Court [has] made abundantly clear, it is one of the fundamental tenants of our Constitution that only some cases may be brought in federal court." *E. R. Squibb & Sons v. Accident and Cas. Ins. Company*, 160 F.3d 926, 929 (2d Cir. 1998), *citing Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed.2d 1248 (1934).[4] Subject-matter jurisdiction can never be waived or conferred by the consent of the parties. *Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). As the Supreme Court has explained that "'the rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, [and] requires this court, of its own motion, to deny its jurisdiction, and, ... that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record.'" *Insurance Corporation of Ireland*,

---

[4] In *E. R. Squibb & Sons* the parties had litigated the case for more than 16 years assuming their right to be in federal court. There was no suggestion of collusion between the litigants to create federal jurisdiction. Nonetheless, the Second Circuit found that the United States courts lack subject matter jurisdiction terminating the action in that court despite recognizing the fact that "...it [will] be dismal for all concerned to have to go back to square one after 16 years, ...." *Squibb & Sons*, 160 F.3d at 930.

456 U.S. at 702, 102 S.Ct. at 2104 (*quoting Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed.2d 462 (1884)).

It is well-settled that the defendant, as the party removing an action to federal court, has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Placing the burden on the removing defendant and resolving all doubts in favor of plaintiff as against the defendant is consistent with, if not mandated by, the Constitution and statutory limitations on the exercise of federal judicial power. *B, Inc. v. Miller Brewing Company*, 663 F.2d 545 (5th Cir. 1981). Allocation of the burden in this fashion confirms an organizing tenant of removal jurisprudence; that is, that the statutory right of removal does not outweigh nor even equal the plaintiff's right to pursue their claims in their own manner in the chosen forum. *Caterpiller, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

The frequently made contention that a party, usually a plaintiff, is attempting to "defeat" federal jurisdiction connotes an aura of duplicity. It should not. When the issue goes directly to the very power of the court to resolve a dispute, prudence as well as the Constitution dictates the case should proceed in the court which clearly has jurisdiction. This will assure final resolution of the dispute whereas if the action proceeds in the wrong forum the jurisdictional impurity will ultimately produce only a waste of substantial resources and time. *Brougton v. Florida International Underwriters*, 139 F.3d 861 (11th Cir. 1998). While defendant asserts that the federal court has jurisdiction to hear this case, there is no question that if the court errs by remanding this action the parties will return to a judicial forum which unquestionably can litigate the dispute to

conclusion. If this court errs in removing the case, there remains the prospect of an illusory termination which is in fact a judicial nullity. *Latin America Property & Casualty Insurance Company v. Hi-Lift Marina, Inc.*, 887 F.2d 1477 (11th Cir. 1987). The Constitution and removal statutes permits a diverse defendant to defend itself in federal rather than state court but only if the federal jurisdiction is clear. *See Barrow S. S. Co. v. Kane,* 170 U.S. 100, 111, 18 S.Ct. 526, 530, 42 L.Ed. 964 (1899), *cited in Davis v. Carl Cannon Chevrolet-Olds, Inc.*, 182 F.3d 792 (11th Cir. 1999). At the same time, however, although the courts must construe diversity jurisdiction narrowly [*Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)], there is no provision for "discretionary remand" any more than "discretionary jurisdiction." "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Systems R. R.,* 760 F.2d 1249 (11th Cir. 1985); *citing Philbrook v. Glodgett*, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *City of Kenosha, Wisconsin v. Bruno,* 412 U.S. 507, 511, 93 S.Ct. 2222, 2225, 37 L.Ed.2d 109 (1973). If the court lacks subject matter jurisdiction over the case it must be remanded. 28 U.S.C. § 1447(c). However, where jurisdiction does exist, the court must use it. Indeed, the Supreme Court has made clear on numerous occasions that the district courts are under a "virtually unflagging obligation ... to exercise" such jurisdiction as Congress has authorized. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 43 (1976), *citing England v. Louisiana State Bd. of Medical Examiners,*, 375 U.S. 411, 415, 84 S.Ct. 461, 464, 11 L.Ed.2d 440, 444 (1964). The instruction to this court is to make the required assessment under the rules established by the Supreme Court and the Eleventh Circuit and then proceed expeditiously to resolve the question of jurisdiction.

## BURNS, ST. PAUL MERCURY INDEMNITY AND POORE

It is impossible to properly consider an issue with regard to the jurisdictional amount in controversy without reference to the rule announced by the Eleventh Circuit in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) in light of the Supreme Court's holding in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The rule of the Eleventh Circuit is simple enough. *Burns* establishes that when a plaintiff files an action in state court <u>specifically</u> seeking damages of "not more" than the federal jurisdictional threshold, a removing <u>defendant must prove to a legal certainty</u> that plaintiff's claims exceed the jurisdictional amount. In *Burns* plaintiff unambiguously sought "not more than $45,000" in damages in her state court complaint. After removing the case defendants argued that the self-imposed limitation on damages was illusory. Plaintiff declined two opportunities in the district court to agree never to seek more than $49,999.00. The district court denied remand. In vacating an order granting summary judgment the Eleventh Circuit held that the district court lacked subject matter jurisdiction. Applying the legal certainty test the circuit court noted that while defendant had contended that the plaintiff had falsely assessed the case or done so incompetently "[given] the specific nature of the plaintiff's damages claim ... to avoid remand defendant must prove to a legal certainty that the plaintiff's counsel has done ... one or the other. That is defendant must prove to a legal certainty that plaintiff's claim exceeds [the jurisdictional amount]." *Burns*, 31 F.3d at 1095.[y] The *Burns* court rested the decision in substantial measure upon the conclusion that in specifically defining the dollar value of the relief sought in the complaint, plaintiff's counsel had "as an officer of the court" with

---

[y]    *Burns* does not preclude jurisdictional discovery even when the plaintiff has been clear about the damages sought in a complaint. The *Burns* burden of proof is higher than that presented here but not conclusively impossible to satisfy.

the "duty of diligently researching his client's case [and his] duty of candor to the tribunal ... engaged in no deception nor did he [fail to ] appreciate the value of the case." *Id. Burns* makes clear that when a plaintiff demands less than the federal jurisdictional amount in his state court complaint removal is proper only when defendant can prove to a legal certainty that value of the claim reaches the jurisdictional threshold. This holding is wholly consistent with the Supreme Court's instruction in *St Paul Mercury Indemnity*. In *St Paul Mercury* the Supreme Court held that when a plaintiff demanded more than the jurisdictional amount in the state court action, federal jurisdiction was established at the time or removal and would not be divested by plaintiff's subsequent attempt to amend downward the value of the claim because "...unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith [and] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Interestingly, the court observed that "if a [plaintiff] does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount and though he would be justly entitled to more the defendant cannot remove." *St. Paul Mercury*, 303 U.S. at 294. The legal certainty test of *St. Paul Mercury* is applicable in two situations: (1) cases brought in federal court in which the plaintiff alleges damages in excess of the jurisdictional limit, and (2) cases brought in state court in which the plaintiff alleges damages in excess of the required jurisdictional minimum. The legal certainty test of *Burns* is merely the mirror image of the latter situation. Under the rule of *Burns* when a plaintiff sues for less than the federal jurisdictional amount in state court the removing defendant must prove to a legal certainty that the value of the claim is greater as the plaintiff has affirmatively "...resort[ed] to the expedient of suing for less...."

In *Poore v. American-Amicable Life Insurance Company of Texas,* the Eleventh Circuit concluded that an amended complaint which deleted previously made claims for punitive

10

damages and injunctive relief did not affect whether the jurisdictional amount in controversy had been satisfied at the time of removal. The *Poore* plaintiff had attempted to eliminate consideration of a previously made demand with the amendment. The holding in *Poore* is unremarkable. *Poore* holds that a district court exceeds its authority under § 1447(c) by relying on a post-removal amendment to the complaint in determining the amount in controversy. *Poore* does not in any way alter the burden of proof under *Burns* or *St. Paul Mercury Indem. Co.* The question is the amount in controversy at the time of removal. It is important to note that above all else *Burns* and *St. Paul* impose evidentiary burdens. When a plaintiff does not clearly and expressly sue for less than the jurisdictional amount, the defendants must prove by a preponderance of the evidence that the jurisdictional requirement has been met. *Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1358 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1059 (11th Cir. 2000). The burden is less than that under *Burns* as plaintiff is not entitled to a presumption that her assessment of the case was made in such a manner as to require satisfaction of a stringent burden of proof. When, as here, the demand is ambiguous, jurisdiction is present when it is more likely than not true that the value of the case exceeds $75,000. In *Sierminski v. TranSouth Financial Corporation*, 216 F.3d 945 (11th Cir. 2000). The Eleventh Circuit has specifically directed district courts to consider evidence received after removal to determine whether the jurisdictional amount was satisfied at the time of removal. The court noted that the jurisdictional facts that support removal must be judged at the time of removal and post-petition affidavits are allowable only if relevant to that period. Ms. Hatcher's belief that the court lacks jurisdiction to authorize such discovery is quite simply wrong.

The ad damnun clause, despite plaintiff's assertions to the contrary, certainly suggests that plaintiff seeks damages in excess of $75,000. Consistent with the rules of *Tapscott, Poore* and *Sierminski* plaintiff can put the issue to rest by providing competent evidence on the very question

11

at issue. As correctly observed by the plaintiff, propriety of removal must be assessed at the time of the removal. There is no question that the Eleventh Circuit expressly requires district courts to consider additional evidence on the propriety of removal at the time the case appeared here in the Northern District of Alabama. Unlike the plaintiff in *Burns* the complaint of the plaintiff in this action is not an expression that the value of the law suit does not exceed $60,000 but, rather, suggests that plaintiff may seek more than $700,000 from a corporation and individual defendants. If that is not so, plaintiff can say so. If plaintiff says so, that evidence may be considered. The *Burns'* holding rested on the assumption that plaintiff's counsel has assessed the case and <u>clearly</u> determined the value at less than the jurisdictional amount. The ruling was dependent upon the ethical assumption that counsel would not allege one thing and mean another.

FRAUDULENT JOINDER

It is well-settled that the defendant, as the removing party, has the burden of establishing federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity "... every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of remand to state court. *Burns v. Windsor Insurance Company*, 31 F.3d at 1095. As the Supreme Court has long recognized, a defendant's "right of removal cannot be defeated by fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron and Steel Company*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The burden of proving fraudulent joinder rests with the defendants as the removing party. *Coker v. AMOCO Oil*, 709 F.2d 1433, 1440 (11th Cir. 1983). In addressing fraudulent joinder of a non-diverse defendant courts may consider both affidavits and deposition excerpts. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,

12

1561 (11th Cir. 1989); *Coker*, 709 F.2d at 1440. The filing of frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is fraudulent joinder. *Tetter v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

A reading of the complaint filed by Ms. Hatcher fails to reveal any allegation of any specific act on the part of any identified individual defendant involving the plaintiff. It is true that if a complaint states an arguable cause of action against a resident defendant, diversity jurisdiction is not present. *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997). In its present posture, however, the complaint here clearly could be read to fraudulently state a jurisdictional fact; that is, that there was some conduct on the part of an individual defendant which affected the plaintiff.[6/]

Plaintiff may of course pretermit jurisdictional discovery by simply averring that she does not seek total damages in excess of $75,000. Contrary to the plaintiff's understanding of removal jurisdiction, such a declaration is a clarification of her otherwise ambiguous demand. Such a clarification is permitted, if not recommended, by the Eleventh Circuit. She may also reveal the identity of the defendants with whom she has had dealings which in turn give rise to the law suit.

The plaintiff may submit individual clarification not later than twenty (20) days of the date of the entry this order. In the event that the plaintiff elects not to do so, discovery may be had from the plaintiff as to which if any of the individually named defendants is alleged to have

---

[6/] It must be noted that despite the references to class allegations in the complaint, plaintiff has not identified any act on the part of any individual defendant which would give rise to a cause of action. A plaintiff may not merely list a number of Alabama citizens employed by a particular company and aver that one of them must have done something wrong at some period of time and that if and when it is discovered that they have, a factual basis for the allegation will follow. Rule 8 requires more. The requirements of Rule 11 obligate plaintiff to identify the basis upon which she makes her allegations against the named individual defendants. She has never said that she purchased a policy from any of the named defendants. She has not said that she was misled by any of the named defendants. She has not said that she acted in reliance upon the representation of any individual defendant. She has not even said she had any dealings or contact with any of the named defendants. It would seem unlikely that she purchased only two insurance policies but those transactions involved eleven people.

committed the acts described in her complaint. The defendants may discover from the plaintiff her understanding of her damages and the amount she seeks from individual defendants. In the event a separate scheduling order is required by this court, one will be entered. Discovery should be commenced in time to be completed not later than December 11, 2000. In the event the plaintiff's seriously alleges that the defendants have engaged in an unwarranted attempt to seek "dismissal" of the law suit through improper means are correct, appropriate action will be taken.

Defendants' motion to defer ruling on plaintiff's remand motion pending discovery (document #22) is CONDITIONALLY GRANTED as set out above.  Plaintiff's motion for reconsideration (document #19) is DENIED.  Plaintiff's motion to strike (document #18) is DENIED.  Plaintiff's motion to remand is DEFERRED.  (Document #17).  Consideration of the motions to dismiss of Richard Prickett (document #12); Shawn Austin (document #11); and Jesse Cotten (document #10) will be DEFERRED. American General's motion for jurisdictional discovery (document #9) is GRANTED as set forth above.

DONE this the 17th day of October, 2000.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE

14



S0500

ALABAMA JUDICIAL DATA CENTER
IN THE CIRCUIT COURT OF BARBOUR    COUNTY


JOHN EARL MARSHALL VS AMAERICAN GENERAL LIFE & ACCIDENT INS. CO., ET A


HARGROVE LORRIE L                          CASE NUMBER: CV 2000 000035 00
2400 AMSOUTH HARBERT PL                    PARTY NUMBER: D001
1901 6TH AVE NORTH
BIRMINGHAM  AL  35203


MOTIONS TO DISMISS FILED BY LAYMON D. PHILLIPS, R.B. PALMER, DAVID
MCLEOD, DELBERT E. PHILLIPS, BILLY BRYAN & G.J. WIMBUSH DENIED..
MOTIONS FOR MORE DEFINITE STATEMENT GRANTED..PLAINTIFF GIVEN 20 DAYS
FROM SEPTEMBER 19, 2000 TO AMEND


ISSUED ON: 09/19/2000    CLERK: DAVID S. NIX
                                P O BOX 219
                                CLAYTON  AL  36016
(09/19/2000)    DAN          (334)775-8366