

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUBY KENDRICK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) CV-00-T-1633-E |
| AMERICAN GENERAL LIFE AND | ) |
| ACCIDENT INSURANCE CO., et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OBJECTION TO THE DEFENDANT'S
MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW the Plaintiff Ruby Kendrick and file this objection to the Defendants American General and Independent Life and Accident Insurance Companies, Motion to Dismiss or in the Alternative Motion for More Definite Statement on the basis that the lawsuit was commenced on valid grounds and the claims alleged therein give rise to possible causes of action against the Defendants. The Plaintiff further states that the Complaint sufficiently pleads factual and legal claims for fraud as required by the Alabama and Federal Rules of Civil Procedure. This objection is based upon the following:

1. This action was filed on the 25th day of October, 2000. On November 29, 2000, the Defendant American General Life and Accident Insurance Company (hereinafter American General) removed this action to the United States District Court for the Middle District of Alabama, Northern Division.

2. Contemporaneously with the filing of this objection the Plaintiffs have filed a

Motion to Remand this action to the Circuit Court of Chambers County, Alabama.

3. The Plaintiff has stated valid claims against the Defendant insurance companies and their agents and have done so timely within the applicable statutes of limitations. The Defendant has filed a Rule 12(b)(6) Motion to Dismiss. Pursuant to Alabama Law, Motions to Dismiss should be rarely granted. *Winn Dixie Montgomery, Inc. v. Henderson*, 371 So.2d 899 (Ala. 1971). With regard to 12(b)(6) Motions, a Complaint should not be dismissed where the Complaint states "cognizable theory of law" upon which a claim for relief can be granted. *Childs v. Miss. Valley Title Ins. Co.*, 359 So.2d 1146 (Ala. 1978).

4. All doubts concerning the sufficiency of the claims made by the Plaintiff against American General and its agents must be resolved in the Plaintiff's favor. *First National Bank v. Gilbert Imported Hardwoods, Inc.*, 398 So.2d 258 (Ala. 1981). The Defendant American General asked this Court to judge this case on its merits by determining as a matter of law that the Plaintiff's claims are barred by virtue of the fact that the Plaintiff's claims are not specific enough under Rule 9 of the Federal Rules of Civil Procedure. Of course this Court must be mindful that this case was commenced in State Court. The requirements of Alabama Rule of Civil Procedure 8 and 9 with regards to the specificity of fraud allegations have been met.

5. The Plaintiff's Complaint contains approximately five (5) full pages of factual allegations against the Defendants, most if not all of which are alleged directly against the agents.

6. In Paragraph 15, the Plaintiff specifically states the agents themselves targeted minority and low income blacks for the sale of the insurance in question.

7. Paragraph 16 includes specific allegations against the agents alone that they misrepresented to the Plaintiff that she was purchasing valuable insurance protection with the

most affordable premium available to them.

8. In Paragraph 19 the resident Defendants are alleged to have decided to continue the concealment of American General's discriminatory premium practices by failing or refusing to reveal that premiums charged to blacks were higher than premiums charged to whites.

9. In Paragraph 20 Plaintiff's Complaint specifically alleges that the premiums for those fraudulently sold policies were collected by the resident agents through exclusive territories known as debit routes.

10. It is further alleged in Paragraph 20 that the agents sold industrial policies as "burial" protection in order to play upon the Plaintiff's sense of shame and guilt in the caring for loved ones who subsequently die.

11. In Paragraph 27 the resident Defendants are specifically averred to a falsely credited premium payments on the industrial policy so as to cause them to lapse in order to end the risk of American General for these policies.

12. The Plaintiff's Complaint far exceeds the requirements of Alabama Rule of Civil Procedure 8(a)(e), as well as 9(b). Pursuant to these rules, the Plaintiff's statement of facts include clear and concise assertions made directly against the agents. Furthermore, all claims of fraud are specified with particularity, including the time, place and substance of the false representations and suppression. Additionally, the Plaintiff went to great lengths to identify each specific policy by time frame and policy number.

13. The Plaintiff has specifically alleged direct personal contact with the resident Defendants by and through the Defendants American General's maintenance and establishment of a debit route system for the collection of premiums.

14. It is hard to imagine how the Plaintiff could be more specific in making allegations against these Defendants in a Complaint that goes into great detail surrounding the history of these companies, their practices, their contact with the Plaintiff, their servicing of policies subsequent to the sale of the policies and related matters.

15. For the Defendant to argue that it has insufficient information to file an Answer on the allegations of fraud alleged by the Plaintiff in this case stretches belief and credibility.

WHEREFORE, the Plaintiff respectfully requests the Court to deny the Defendants' Motion to Dismiss on the basis that the allegations contained therein are stated with great particularity and specificity. The Defendant is afforded more than enough information to answer and defend the Complaint and that this motion is therefore due to be denied.

Respectfully submitted,

_____
DAVID M. COWAN,
Attorney for Plaintiff

OF COUNSEL:
MANN & COWAN, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, AL 35209
(205) 879-9661

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

Christopher P. Turner, Esq.
P. O. Box 400
Abbeville, AL 36310

Lee M. Bains, Jr., Esq.
Michael D. Mulvaney, Esq.
J. Alan Baty, Esq.
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2602

Robert S. W. Given, Esq.
BURR & FORMAN, L.L.P.
420 20th Street North
SouthTrust Tower, Suite 3100
Birmingham, AL 35203

This the 14 day of Dec., 2000.

_____
OF COUNSEL