



RECEIVED
2000 DEC 18 P 2: 25
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUBY KENDRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. |
| | ) CV-00-T-1633-E |
| AMERICAN GENERAL LIFE AND | ) |
| ACCIDENT INSURANCE COMPANY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY'S SUBMISSION IN RESPONSE TO PLAINTIFF'S OBJECTION TO MOTIONS TO DISMISS

Defendant American General Life and Accident Insurance Company ("American General") respectfully submits this responsive submission to the Plaintiff's Objection to Motions to Dismiss filed by Defendants American General Life and Accident Insurance Company and Keith Blackmon ("Plaintiff's Objection").

1. On November 20, 2000, American General filed its Motion to Dismiss, or in the Alternative, Motion for More Definite Statement. As articulated in the initial Motion, the Plaintiff's complaint is one of several cookie cutter complaints that have been filed by Plaintiff's counsel against American General. The only variation in the complaints is the identification of the plaintiff, the Agent Defendant, and the counties of residence of the plaintiff and the Agent Defendant. Other

00625490.1

than that slight variation, Plaintiff's Complaint in this case makes the same boilerplate allegations as the complaints in the other cases.

2.      As of the filing of this responsive submission, notwithstanding the sound assertions made in the Motion to Dismiss, the Plaintiff has done nothing to remedy the serious defects in her complaint. Most notably, the Plaintiff still has not identified the allegations applicable to each policy or the specific allegations against each defendant. Additionally, other than identifying American General and interchangeably using the term "Defendants" in the general factual allegations, Plaintiff has yet to make any attempt to identify whether American General or the Agent Defendant committed the wrongful acts alleged in the complaint.

3.      As for the fraud claims, Plaintiff's allegations fail to satisfy the requirements of Rule 9(b), Fed. R. Civ. P., that "in all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." The Eleventh Circuit has explained that, pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). A complaint that "lump[s] together all of the defendants in [its] allegations of fraud," and is "devoid of specific allegations with respect to the separate defendants," is woefully inadequate and fails to meet Rule 9(b) standards. *Id.* at 1381. Plaintiff's Complaint fails to satisfy Rule 9(b) as to any specific allegations against the defendants.

4.  In her objection to the Motion to Dismiss, Plaintiff cites several paragraphs of the Complaint that she asserts make specific claims against the Agent Defendant. In fact, those paragraphs do not stand for the propositions claimed in Plaintiff's Opposition.

5.  At the very least, Plaintiff should be required to identify (i) the exact representations made by the Agent Defendant, (ii) the policy to which the representations related, (iii) the time and place of the representations, (iv) the content and manner in which the statements misled the Plaintiff, and (v) what each defendant gained by the alleged fraud. Plaintiff also fails to allege with particularity the factual predicate for the fraudulent concealment or suppression claims. *See generally, State Farm Fire & Casualty Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1999).

6.  The Eleventh Circuit Court of Appeals has repeatedly condemned "shotgun" complaints, such as the pleading filed by the Plaintiff in this case. *See e.g., Pelletier v. Zweifel*, 921 F. 2d 1465, 1517-18 (11th Cir. 1991) (labeling complaints as "quintessential 'shotgun' pleadings" because they contained facts not material to any of the causes of action and each count incorporated all of the factual allegations); *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F. 3d 1290, 1332-1333 (11th Cir. 1998) (criticizing district court for not accepting its responsibility to narrow and define the issues raised by plaintiff's shotgun complaint). Plaintiff's shotgun complaint in this case does not meet the minimum standards of pleading in this jurisdiction and unnecessarily complicates this Court's task in ruling on issues that may arise in this litigation. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1368 (11th Cir. 1998) (attributing district court's error, at least in part, to difficulty in deciphering plaintiff's shotgun complaint).

7.  In heeding the Eleventh Circuit's proscriptions against shotgun complaints, district

courts in the Eleventh Circuit have dismissed such complaints with leave for plaintiff to refile an amended complaint that cures the pleading defects. *Young v. SouthTrust Bank, N.A.*, 51 F. Supp. 2d 1274, 1279, 1285-1286 (M.D. Ala. 1999); *Lucy v. Clarke County*, 2000 WL 549983 at *1-3 (S.D. Ala. April 27, 2000); *Eddins v. Florida Dept. of Children and Families*, 2000 WL 869449 at *1 (M.D. Fla. June 28, 2000); *McKenzie v. E.A.P. Management Corp.* 1998 WL 657524 at *1 (S.D. Fla. 1998).

8.  Plaintiff fired a shotgun complaint in this case. This Court should follow the Eleventh Circuit's mandate and find that Plaintiff's Complaint missed its mark.

9.  Accordingly, American General respectfully requests that this Court enter an order dismissing Plaintiff's Complaint for failure to satisfy applicable pleadings requirements and for failure to state a claim upon which relief can be granted. In the alternative, American General asks this Court to enter an order requiring Plaintiff to provide a more definite statement of her claims, including the allegations applicable to each policy, and the specific allegations against each defendant.

_____
Lee E. Bains, Jr. (BAI005)
Michael D. Mulvaney (MUL012)
J. Alan Baty (BAT029)
Attorneys for Defendant, American General Life and
Accident Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
Fax: (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

David M. Cowan
Mann & Cowan, P.C.
Suite 601
2000-A SouthBridge Parkway
Birmingham, AL 35209

Robert S.W. Given
Burr & Forman
3100 SouthTrust Tower
420 20th Street North
Birmingham, Alabama 35203

on this the 18th day of December, 2000.

OF COUNSEL