

**14**

IN THE DISTRICT COURT OF THE UNITED STATES FOR **F**H**$** L E D
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

DEC 2 0 2000

RUBY KENDRICK,                    )
                                  )
   Plaintiff,                  )
                                  )
   v.                          )    CIVIL ACTION NO. 00-T-1633-E
                                  )
AMERICAN GENERAL LIFE AND         )
ACCIDENT INSURANCE COMPANY,       )
et al.,                           )
                                  )
   Defendants.                 )

### UNIFORM SCHEDULING ORDER

**THE COURT HAS ADOPTED A UNIFORM SCHEDULING ORDER. Please read this order carefully. The Court has substantially modified its standard scheduling order to impose new responsibilities and deadlines on parties to litigation and to create a uniform scheduling order for use by the judges of this court. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with this order in a timely manner, without unnecessary requests for extensions of time. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for the discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

**SECTION 1.** A pretrial hearing of this case is scheduled for the 13th day of August, 2001, in Opelika, Alabama, and this cause is set for trial during the term of Court commencing on the 1st day of October, 2001, in Opelika, Alabama.

**SECTION 2.** Within **TWENTY-ONE (21) DAYS** from the date of this Order, each party shall, without awaiting a disclosure request:

(A) Provide to other parties the name and, if known, the address and telephone number of each individual believed by it to have discoverable, non-privileged personal knowledge concerning any significant factual issue in the case, appropriately indicating the subjects about which the person has such knowledge;



(B)  Make available to other parties for inspection and copying, as under Fed.R.Civ.P. 34, all documents, data compilations, and tangible things in its possession, custody, or control that may be used by it to support its contentions with respect to any significant factual issue in the case;

(C)  Provide to other parties a computation of any category of damages claimed by it, making available for inspection and copying, as under Fed.R.Civ.P. 34, the documents or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D)  Provide to other parties for inspection and copying, as under Fed.R.Civ.P. 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

A party shall make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. These disclosures are subject to a duty of supplementation within 14 days of when a party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to other parties in the discovery process or in writing.

**SECTION 3.**  Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **NINETY (90) DAYS** prior to the pretrial hearing.  A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 4.**  Within **TWENTY-ONE (21) DAYS** after the deadline for the filing of dispositive motions, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations.  If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement.  Not less than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation".  This pleading shall indicate whether settlement was

reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.  Information about mediation is attached to this order.

**SECTION 5.** Any motions to amend the pleadings and to add parties shall be filed no later than **SEVENTY-FIVE (75) DAYS** from the date of this Order.

**SECTION 6.** Any motion for class certification shall be filed no later than **NINETY (90) DAYS** from the date of this Order, unless otherwise ordered by the court prior to the expiration of this deadline.  A brief discussing the factors enumerated in Rule 23(a) and (b) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 7.**  The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 8.** All discovery shall be completed on or before **TWO WEEKS PRIOR TO THE PRETRIAL HEARING,** except that, as to any witnesses whose names are not revealed until the last day allowed under **SECTION 10** or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 9.   AT LEAST SEVENTY-FIVE (75) DAYS PRIOR TO THE PRETRIAL HEARING,** each party shall disclose to the other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  This includes any witness who may be asked to give an expert opinion.  With respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, this disclosure shall be accompanied by a written report prepared and signed by the witness.

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of .all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

3

However, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party pursuant to this section, the disclosure shall be made within 30 days of the disclosure made by the other party.

All disclosures made pursuant to this section are subject to a duty of supplementation within 14 days of when a party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to other parties in the discovery process or in writing.

Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness whose identify should have been disclosed but was not as required by this section.

**SECTION 10.** No later than **THREE WEEKS PRIOR TO THE PRETRIAL HEARING**, each party shall exchange the names and addresses of all witnesses, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under **SECTION 9**. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 11.** No later than **THREE WEEKS PRIOR TO THE TRIAL DATE**, the parties shall identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written notice to the contrary is given **NO LATER THAN SEVEN (7) DAYS PRIOR TO THE SCHEDULED TRIAL DATE**, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 12.** On or before **TWO WEEKS PRIOR TO THE TRIAL DATE**, the parties shall furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for

4

identification prior to trial.  Unless specifically agreed between
the parties or allowed by the Court for good cause shown, the
parties shall be precluded from offering such evidence not so
furnished and identified, with the exception of evidence to be used
solely for the purpose of impeachment.  <u>Except to the extent
written notice to the contrary is given no later than **SEVEN (7)
DAYS PRIOR TO THE SCHEDULED TRIAL DATE**, the evidence shall be
deemed genuine and admissible in evidence.  The written notice
shall set forth the grounds and legal authorities.  All trial
exhibits must be premarked prior to trial.</u>

**SECTION 13.**  A trial docket will be mailed to counsel
approximately one month prior to a trial term.  **If a jury trial:**
The parties shall file any requested voir dire questions, motions
in limine fully briefed, and any proposed jury instructions,
together with citations of law thereon, **ON OR BEFORE TWO WEEKS
PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT
ON MOTION OF EITHER PARTY**. Trial counsel are DIRECTED to review the
jury questionnaire used in this court and to avoid any duplication
of matters addressed therein in their voir dire questions.

**SECTION 14.**  In cases involving jury trials, the term **TRIAL
DATE** as used in the foregoing deadlines shall mean the date set for
jury selection.

**SECTION 15.**  The disclosures, exchanges and identifications
required by **SECTIONS 2, 9, 10, 11, & 12** should be made between or
among the parties and should <u>not</u> be filed with or submitted to the
Court, unless requested by the Court or a party intends that they
should be filed in support of some pleading or motion.

**SECTION 16.**  If any party has an objection to these deadlines,
the party should inform the Court within **14** days from the date of
this Order; otherwise, the Court will assume that the deadlines are
agreeable to all parties.  Unless this Order be modified by
subsequent Order of the Court, the provisions hereinabove set out
are binding on the parties.

DONE, this the  20TH  day of December, 2000.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

District of _____

|  |  |
|---|---|
| Plaintiff<br>v.<br><br>Defendant | CONSENT TO EXERCISE OF JURISDICTION<br>BY A UNITED STATES MAGISTRATE JUDGE<br>AND ORDER OF REFERENCE<br><br>Case Number: |

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE TO EXERCISE OF JURISDICTION AND APPEAL

In accordance with the provisions of Title 28, U.S.C. 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference" are available from the clerk of the court.

### CONSENT TO EXERCISE OF JURISDICTION BY A MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

| Signatures | Party Represented | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Any appeal shall be taken to the United States court of appeals for this circuit, in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73(c).

### ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to the Honorable _____,
United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

_____          _____
Date                                          United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**PROGRAM OF VOLUNTARY MEDIATION**

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that mediation is completely voluntary and confidential. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and at the same time permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting, the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process, the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often, an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 21 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference, counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances, the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. **At any time while a case is pending**, the parties may seek assistance in settling their dispute through mediation.

## NOTICE !    NOTICE !    NOTICE !    NOTICE !

There are advantages to consenting to a trial before a magistrate judge. The principal advantage is that the magistrate judge does not have a docket such as do the district judges and is very flexible on giving you a time to try your case. The court assures you that all four of our magistrate judges are extremely competent and knowledgeable of the law and the procedures necessary to try any civil case. As you know, the dockets of the district judges are very congested. As the magistrate judge will be conducting the discovery proceedings in the case, he or she will be more familiar with the case than will the district judge. Remember, however, that if you elect to mediate before the magistrate judge to whom the case is assigned, that magistrate judge may not then try your case but the case may be assigned to another magistrate judge if you elect for a magistrate judge to try your case. If you do elect to proceed to trial before a magistrate judge, you should notify the district judge to whom your case is assigned so that he, as a matter of courtesy, may telephone the magistrate judge and inform him or her that you desire to try your case before him or her. The parties are encouraged to consider this as an alternative in order to speed up the judicial process. The form and notice of availability of a magistrate judge are attached.

The parties are advised that they are free to withhold their consent without adverse consequences.