

17

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| **RUBY KENDRICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **VS.** | ) **CIVIL ACTION NUMBER** |
| | ) **CV-00-256** |
| **AMERICAN GENERAL LIFE AND** | ) |
| **ACCIDENT INSURANCE COMPANY,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF TAKING DEPOSITION OF PLAINTIFF(S)

TO:    David Cowan
       Mann & Cowan, P.C.
       Suite 601
       2000-A SouthBridge Parkway
       Birmingham, AL  35209

       Robert  S. W. Given
       Burr & Forman, L.L.P.
       3100 SouthTrust Tower
       420 North 20th Street
       Birmingham, Alabama 35203

Please take notice that Defendant American General Life and Accident Insurance Company

(hereinafter "American General") will take the deposition of Plaintiff(s) at the date, time, and place

listed below, pursuant to Rule 30 of the applicable rules of civil procedure, upon oral examination

before a court reporter or other person lawfully authorized to administer oaths.  The deposition will

be taken for the purposes of discovery, for use as evidence in this action, and for such other purposes

as permitted under the applicable rules of civil procedure.  The deposition will continue from time

to time until completed.  You are invited to attend and cross-examine.

Deponent:     Ruby Kendrick

Date:         January 25, 2001

Time:         9:00 a.m.

Place:        MAYNARD, COOPER & GALE, P.C.
              1901 Sixth Avenue North
              2400 AmSouth/Harbert Plaza
              Birmingham, Alabama 35203-2602

Pursuant to Rule 30(b)(5), the deponent is requested to produce the originals of the documents described below at the aforesaid time and place of the deposition (copies of such documents may be substituted at the conclusion of the deposition):

## DEFINITIONS

Unless otherwise defined, the following definitions apply:

1.      "Document" shall mean all documents in the broadest sense as defined in Rule 34(a) of the applicable rules of civil procedure (including, but not limited to, written, typewritten, printed, recorded, charted, taped, graphic, magnetic, photographed, filmed, and computer-based matter) and any drafts or copies thereof.

2.      "American General" shall mean Defendant American General Life and Accident Insurance Company, American General Life Insurance Company, The Independent Life and Accident Insurance Company, Equitable Life Insurance Company, Gulf Life Insurance Company, Home Beneficial Life Insurance Company, Home States Life Insurance Company, Interstate Life Insurance Company, Knight's Life Insurance Company, Life and Casualty Insurance Company, National Life and Accident Insurance Company and any other affiliated companies.

2

3.      "Defendants" shall mean the defendants named in the Complaint.

4.      "You" (and any form thereof, including "your") shall refer to Plaintiff(s) or any agent or employee of Plaintiff(s), including (a) experts whom Plaintiff(s) expects to call as witnesses at trial, (b) attorneys retained by Plaintiff(s), and (c) persons who have access to the requested information or from whom Plaintiff(s) can obtain such information.

## DOCUMENT REQUESTS

1.      Produce the originals of all insurance policies of any kind issued to you or your family members by American General, including, but not limited to, the policies referenced in your Complaint, and without regard to whether such policies are presently in force.

2.      Produce the originals of all insurance policies of any kind issued to you by a carrier other than American General, and without regard to whether such policies are presently in force.

3.      Produce all documents of any kind (including but not limited to, canceled checks, receipts, receipt books, premium receipt books, point of sale (POS) receipts, marking cards, bank statements, and paycheck stubs) that refer to, reflect or evidence any premium payments made at any time on any insurance policy issued to you or your family members by American General, including, but not limited to, the policies referenced in your Complaint, and without regard to whether such policies are presently in force.

4.      If you or anyone acting on your behalf (including, without limitation, your attorney or their representatives) have had any communication with American General or any of its agents, servants, or employees, including, but not limited to, the agents referenced in your Complaint, whether in person, in writing or by telephone, produce all documentation that refers to, reflects, or evidences each such communication.

3

5.      If you or anyone acting on your behalf (including, without limitation, your attorney or their representatives) have had any communication with the Alabama Department of Insurance or any other entity or individual regarding matters alleged in the Complaint, produce all documentation that refers to, reflects, or evidences each such communication.

6.      Produce all correspondence or records of communications of any type either sent by you or your agents or received by you or your agents regarding any insurance policies issued to you by American General or any claims that you have made at any time on any such policy.

7.      Produce all documents provided by you or anyone on your behalf to any expert witness, or any other party or individual, regarding any of the allegations, matters, or items set forth in your Complaint.

8.      If you claim damages for mental anguish or emotional distress, produce all documents, including medical records, which evidence, relate to or support the allegation that you have suffered mental anguish or emotional distress.

9.      Produce any and all documents relating, referring or pertaining to any and all insurance policies, financial transactions, financial accounts, or any other insurance or financial matter identified and discussed in your responses to any interrogatories served on you in this lawsuit.

10.     Produce all documents that tend to demonstrate, support, relate or refer in any way to your allegations in the Complaint.

11.     Produce all documents that tend to demonstrate, refute or tend to refute your allegations in the Complaint.

12.     Produce any and all documents identified or identifiable in response to any interrogatories served on you in this lawsuit.

4

13.     Produce all documents that are or could arguably be construed as documents created by or belonging to American General.

14.     Produce all documents which refer or relate to any of the damages you claim to have sustained as a result of any acts or omissions of American General.

15.     Produce the items that were mailed to you advising you of the settlement of the class-action relating to your American General insurance policies.

16.     Produce a copy of the class action opt-out notice that you filed (or that was filed on your behalf) relating to your American General insurance policies.

17.     Produce all documents relating to any insurance policy issued to you or a member of your family by American General.

18.     Produce all documents given or sent to you or a member of your family by American General or any of its agents, servants or employees.

19.     Produce all documents relating, referring or pertaining to insurance policies of any kind issued to you by a carrier other than American General, and without regard to whether such policies are presently in force.

20.     Produce all documents that you reviewed in preparation for this deposition.

In the event any document is withheld under a claim of privilege, please provide (i) a description of the nature and date of the document, (ii) a summary of the contents of the document, (iii) the names of the sender and recipient of the document and (iv) a statement of the basis on which the privilege is claimed.

_____

Lee E. Bains, Jr. (BAI005)
Michael D. Mulvaney (MUL012)
J. Alan Baty (BAT029)

Attorneys for Defendants American General Life and Accident Insurance Company and American General Life Insurance Company

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
Fax: (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by hand delivery to:

David Cowan
Mann & Cowan, P.C.
Suite 601
2000-A SouthBridge Parkway
Birmingham, AL  35209

Robert S. W. Given
Burr & Forman, L.L.P.
420 20th Street North
SouthTrust Tower, Ste. 3100
Birmingham, Alabama 35203

on this the ___9th___ day of _January_, 2001.

_____
OF COUNSEL

6