

21

# JOINT DEFENSE AGREEMENT

This Joint Defense Agreement ("the Agreement") is made and entered into by and between American General Life and Accident Insurance Company, American General Life Insurance Company and Jamey Siggers (collectively "the Defendants"), by and through their attorneys in the case styled *Ruby Kendrick v. American General Life and Accident Insurance Company; American General Life Insurance Company; Jamey Siggers, et al.*, filed in the Circuit Court of Chambers County, Alabama, as more fully appears herein:

1.    This Agreement concerns the exchange of privileged information, work product, documents and expert witness information and opinions relating to the defense presented by each Defendant in the above-referenced matter.

2.    Defendants are entering into this Agreement in the informed belief that: (i) the law permits the Defendants to share and exchange legal strategies and theories, documents, confidences and other information in a common effort to prepare for litigation in which they are parties and to enhance counsels' ability to represent them in such litigation; (ii) such shared information will remain confidential; and (iii) materials revealed pursuant to this Agreement are privileged as a result of the attorney-client privilege, the work product doctrine, the self-critical analysis privilege, the joint defense privilege or other applicable privileges (collectively referred to as "applicable privileges"), and that a production of documents or other exchange of information pursuant to this Agreement does not waive any of these applicable privileges.

3.    Because Defendants are engaged in the defense of similar claims, Defendants intend, to the extent feasible, to conduct a joint defense of these claims.  To facilitate the preparation and

00616101.1

conduct of this joint defense, Defendants agree to exchange certain privileged information. It is specifically understood and agreed that all information exchanged pursuant to this Agreement shall not be communicated to others, nor shall the contents of any documents or records furnished pursuant to this Agreement be disclosed to others, without the written permission of the furnishing party. Any exchanged information will be exchanged for the limited and restricted purpose of assisting the Defendants in the defense of this lawsuit and will retain its privileged character.

4.      Nothing in this Agreement obligates any Defendant to disclose privileged information, information which it considers confidential, or counsels' work product to any other Defendant, but the provisions of this Agreement shall apply to any information or work product that is so shared.

5.      The material and information being exchanged is of a confidential nature and is protected from disclosure by Defendants' applicable privileges. The recipients of this material shall be governed by the same restraints arising from the protected character of the material and consequently have no right to disclose the material to others. If any other person or entity seeks discovery of this information by subpoena, request for production, or otherwise, each Defendant agrees to immediately notify the other Defendants with rights or applicable privileges related to the material. All steps will be taken to enable the Defendant originally furnishing the material to assert all rights or applicable privileges.

6.      The Defendants agree that all documents and information disclosed pursuant to this Agreement shall be treated as if protected by applicable privileges, whether those items are so identified or marked. The Defendants agree not to enter into any settlement that would require or result in the disclosure of material covered by this Agreement.

00616101.1

7.    Defendants further agree that any party to this Agreement may, upon prior written notice, withdraw prospectively from this Agreement should it be determined that it is no longer in the interest of that Defendant to continue this Agreement. The fact of withdrawal shall have prospective application only and will not negate the mutual obligation to hold confidential all documents and information exchanged among Defendants prior to receipt of written notice of withdrawal. Any withdrawing Defendant shall promptly return any material obtained from the other Defendants to counsel for those Defendants and certify that all such materials have been returned.

8.    The Defendants agree to keep confidential the existence of this Agreement and its terms, and will not disclose this Agreement or its terms except when necessary to perform or enforce this Agreement or to comply with any applicable law or court order.

9.    Nothing in this Agreement shall be construed to affect the separate and independent representation of each Defendant by its respective counsel, and nothing in this Agreement shall be construed to create an attorney-client relationship between any Defendant and the attorney and law firm entering into this Agreement on behalf of any other Defendant.

10.    Each Defendant waives the right to object to the continued retention by any other Defendant of counsel or to seek the counsel's disqualification on the grounds that the counsel had access to the joint litigation information pursuant to the Agreement or the counsel has a conflict of interest by reason of participation in joint litigation efforts under the Agreement. Each Defendant waives any right to take testimony from counsel for any other Defendant based on that counsel's participation in joint litigation efforts.

11.    This Agreement shall remain in effect and be binding upon successor counsel in accordance with its terms and may be terminated by successor counsel only in accordance with its terms.

12.    Counsel for each Defendant has explained the provisions of this Agreement to each of their clients who consent hereto and agree to abide by the terms of this Agreement.

_____          Dated: _____1/24/01_____
J. Alan Baty (BAT029)

One of the Attorneys for Defendants
American General Life and Accident Insurance Company
and American General Life Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
(205) 254-1000

_____          Dated: _____2/1/01_____
Robert S. W. Given (GIV003)

One of the Attorneys for Defendant
Jamey Siggers

OF COUNSEL:

BURR & FORMAN, L.L.P.
SouthTrust Tower, Suite 3100
420 North 20th Street
Birmingham, AL 35203-2618
(205) 251-3000

00616101.1