
26

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

RUBY KENDRICK, )
)
    Plaintiffs, )
)
v. ) CIVIL ACTION NO.
) CV-00-256
AMERICAN GENERAL LIFE AND )
ACCIDENT INSURANCE CO., et al., )
)
    Defendants. )

## PLAINTIFF'S ANSWERS TO DEFENDANTS INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff Ruby Kendrick and in response to Defendant American General's First Set of Interrogatories and Requests for Production, state as follows:

1. Ruby Drake Kendrick
   Date of Birth - April 9, 1929 in LaFayette, Alabama
   Social Security Number: 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
   Objection to disclosing telephone number
   Address: 408 1st Avenue, SE, LaFayette, AL 36862 - have lived there 39 years; Walter Kendrick and Jamal Kendrick.
   Robert and Jennifer living there for the past five (5) years.

2. At this time, it is unknown what person within American General who knew that higher premiums were being charged to and collected from African Americans as opposed to other persons.

3. Plaintiff will produce this information when a decision has been made and in compliance with any Court Scheduling Order.

4. Plaintiff will produce this information when a decision has been made and in compliance with any Court Scheduling Order.

5. Plaintiff objects to this interrogatory in that it requests information not otherwise discoverable under the Alabama Rules of Civil Procedure.

6. None

7. None

8. The Defendants charged and collected higher premiums from blacks than whites or other persons. The theories of recovery are for breach of contract, fraud, suppression, outrage, conversion, and/or unjust enrichment.

9. Chambers County Training School, LaFayette, Alabama, 1948; Alabama A&M, Huntsville, graduated in 1952, B.S. in education.

10. None.

11. I have not had any claims. I don't know about the rest of my family.

12. I attend church a Poplar Springs Baptist Church in LaFayette.

13. Each and every African American insured who paid more premiums than other persons will potentially be a pattern and practice witness. The Defendants are in a better position to answer this interrogatory than is the Plaintiff.

14. None.

15. No.

16. I was a school teacher in Chambers County from 1952 until 1989.

17. I receive a state retirement check and a Social Security check. Object to disclosing amounts.

18. Plaintiff objects to this interrogatory on the basis that the same is irrelevant and simply meant to harass the Plaintiff. Loss wages are not part of the Plaintiff's claim. Plaintiff stipulates to poor financial status.

19. Excess premiums, mental anguish and punitive damages.

20. I dealt with many agents and employees who never disclosed their last names to me.

21. Plaintiff objects to this interrogatory in that the same is overbroad, irrelevant and merely intended to harass the Plaintiff.

22. Plaintiff objects to this interrogatory in that the same is overbroad, irrelevant and merely intended to harass the Plaintiff.

23. Plaintiff objects to this interrogatory in that the same is overbroad, irrelevant and merely intended to harass the Plaintiff.

24. Plaintiff objects to providing information which this Defendant is clearly aware of. With regard to this lawsuit, please refer to the Complaint which outlines the policies which are the subject of this suit.

25. Plaintiff objects to this interrogatory on the basis that the same is irrelevant, overbroad and exceeds the number of interrogatories allowed by the Alabama Rules of Civil Procedure.

26. Plaintiff objects to this interrogatory on the basis that the same is irrelevant, overbroad and exceeds the number of interrogatories allowed by the Alabama Rules of Civil Procedure.

27. Plaintiff objects to this interrogatory on the basis that the same is irrelevant, overbroad and exceeds the number of interrogatories allowed by the Alabama Rules of Civil Procedure.

28. Husband Walter Kendrick - Retired, only have one son and he lives in Atlanta, GA.

29. In the event that this case is set for trial, the plaintiff will provide the information requested in this interrogatory.

30. No one, except the aid of my attorneys.

## REQUESTS FOR PRODUCTION

1. Produced to the extent Plaintiffs have the same.

2. Plaintiff objects to this request in that it is overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence.

3. Produced to the extent Plaintiffs have the same.

4. N/A

5. Plaintiff objects to this request in that it blatantly violates the work product doctrine.

6. Produced

7. This information will be produced pursuant to the Courts Scheduling Order.

8. None at this time.

9. Plaintiff objects to this request on the basis that the same is overbroad, irrelevant and not likely to lead to the discovery of admissible evidence.

10. Plaintiff objects to this interrogatory on the basis that the information requested is overly broad, priviledged, confidential, constitutes attorney work product and/or is otherwise not discoverable under the Alabama Rules of Civil Procedure.

11. Plaintiff objects to this interrogatory on the basis that the information requested is overly broad, priviledged, confidential, constitutes attorney work product and/or is otherwise not discoverable under the Alabama Rules of Civil Procedure.

12. Plaintiff objects to this request in that it is too vague to respond to.

13. Produced as relates to the policies made the basis of this suit.

14. None.

15. Produced.

16. Produced.

17. Plaintiff objects to this interrogatory on the basis that the information requested is over broad, privileged, confidential, constitutes attorney work product and/or is otherwise not discoverable under the Alabama Rules of Civil Procedure.

18. Plaintiff objects to this interrogatory on the basis that the information requested is over broad, priviledged, confidential, constitutes attorney work product and/or is otherwise not discoverable under the Alabama Rules of Civil Procedure.

19. This is not a deposition.

_____
RUBY KENDRICK

STATE OF ALABAMA         )
COUNTY OF Chambers       )

Sworn to and subscribed before me this 25 day of June, 2001.

_____
NOTARY PUBLIC
My Commission Expires: 6/5/2002

_____
DAVID M. COWAN
Attorney for Plaintiff,
Ruby Kendrick

OF COUNSEL:
MANN, COWAN & POTTER, P.C.
Suite 601
2000-B SouthBridge Parkway
Birmingham, AL 35209
(205) 879-9661

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

Nicholas Wooten, Esq.
Nicholas Heath Wooten & Associates, LLC
P. O. Drawer 290
Lafayette, AL 36862

Lee M. Bains, Jr., Esq.
Michael D. Mulvaney, Esq.
J. Alan Baty, Esq.
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
2400 Birmingham, AL 35203-2602

Robert S. W. Given, Esq.
BURR & FORMAN, L.L.P.
420 20th Street North
SouthTrust Tower, Suite 3100
Birmingham, AL 35203

This the 25 day of Jun, 2001.

_____
OF COUNSEL