31

31

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| RUBY KENDRICK, | ) | RECEIVED |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | CV-00-256 |
| AMERICAN GENERAL LIFE AND | ) | |
| ACCIDENT INSURANCE COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant American General Life And Accident Insurance Company ("AGLA") and hereby objects and responds to Plaintiff's First Interrogatories and Requests for Production:

**GENERAL OBJECTIONS**

AGLA objects to Plaintiff's First Interrogatories and Requests for Production (the "requests") to the extent that they seek the disclosure of information or documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege (hereinafter the "General Objections"). The following responses are based upon information presently available to AGLA. AGLA's responses to Plaintiff's requests are made solely for the purposes of this action. Any and all objections and grounds that would require the exclusion of any response to Plaintiff's requests at the time of trial are expressly reserved and may be asserted at the time of trial. AGLA believes these responses to be correct. The responses are made without prejudice to AGLA's right

00692828.1

to rely upon other subsequently discovered documents or information. Any supplementation will be made only in accordance with the Alabama Rules of Civil Procedure.

## INTERROGATORIES

1.  **Has the Defendant been correctly named in the lawsuit? If not, please identify your correct name and, if you are a corporation, the state of incorporation and place where you principally conduct business.**

**RESPONSE:** No. Upon information and belief, American General Life Insurance Company has never had any contact with Plaintiff. Consequently, American General Life Insurance Company was improperly named as a defendant in this case. The Independent Life and Accident Insurance Company ("ILA") no longer exists. As of December 31, 1997, ILA merged with and into American General Life and Accident Insurance Company ("AGLA") with AGLA becoming successor by merger.

2.  **Does the Defendant write and has the defendant written industrial life insurance and whole life insurance in amounts less than $2,000 face value in the state of Alabama? If so, please identify the sales structure employed by the Defendant to market, sell and service these policies sold from 1950 through the present.**

**RESPONSE:** AGLA objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving those objections, AGLA states that since 1950, AGLA has employed agents to sell industrial life insurance policies and whole life insurance policies with face values of less than $2,000 in Alabama. Upon information and belief, ILA also employed agents to sell those types of policies from 1950 until approximately June 1997, after which it stopped writing and issuing policies. Documents, if any, describing the sales structure may be found in the documents produced in *McNeil v. American General*, which have been made available to Plaintiff (the "*McNeil* production documents").

00692828.1                                                     -2-

3. Does the Defendant use any other person, firm, corporation or entity to perform marketing efforts or to handle the administration of the sale, marketing or service of industrial life and whole life insurance policies in the face amount of $2,000 or less sold by the Defendants for the years 1950 to the present? If so, please identify this person, firm, corporation or entity and their address and state with detail their involvement and efforts on your behalf.

RESPONSE: AGLA objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections, AGLA states that it has not used other entities or persons (other than its agents) to handle the administration of the sale, marketing or service of industrial life and whole life insurance policies in the face amount of $2,000 or less. AGLA does not know whether ILA used other entities or persons to handle the administration of those types of policies.

4. Please identify any lawsuits which have been filed against these Defendants over the past twenty years alleging breach of contract, fraud, bad faith or other wrongful conduct in regard to industrial life and/or whole life policy premiums that were priced on racial factors with regard to the sale of these policies to African-Americans from 1941 through the present. Include in your answer the attorneys representing the parties, the jurisdiction or venue where the lawsuit was filed, and the current status of the lawsuit.

RESPONSE: AGLA objects to this request on the grounds that it is overly broad, vague, confusing, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA states that the information requested is publicly available.

5. Is the following agent, Jamey Siggers, licensed insurance agents for the sale and servicing of industrial life and whole life insurance products for the Defendants in the State of Alabama for the years 1941 through the present? If so, please identify the dates these persons have been agents for said companies, the current status of their licenses with these Defendants, and any disciplinary actions taken against these Agents during their tenure.

RESPONSE: AGLA objects to this request on the grounds that it is vague, overly broad, confusing and not reasonably calculated to lead to admissible evidence. Subject to and without

waiving those objections and the General Objections, AGLA states that Jamey Siggers was not licensed to sell AGLA products from 1941 to the present. Upon information and belief, AGLA states that Jamey Siggers may have been employed by ILA in 1990 and 1991. At this time, AGLA cannot locate any record of its employment of Jamey Siggers. AGLA will continue to search for a service file for Jamey Siggers and will produce such a file if one can be found.

6. Please identify the manager, director or head of actuarial services for Independent Life and AGLA for the years 1941 through the present with regard to the pricing, formulation of prices for industrial life and/or whole life policies in a face amount of $2,000 or less from 1941 through the present.

RESPONSE: AGLA objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Subject to and without waiving those objections, AGLA refers Plaintiff to the *McNeil* document production.

7. Please state the method, amount and what, if any, mortality tables were used to calculate the industrial life and whole life insurance premiums regarding the sale or issuance of insurance to the plaintiffs, specifically identifying any formulas, actuarial tables, racial factors, gender factors, age factors or other documents or materials that were used to determine the premiums paid by the plaintiffs on the following policies:

(a) Ruby Kendrick
   07/12/54    88272
   07/12/54    88273
   07/12/54    88274
   11/22/92    60553221

RESPONSE: AGLA objects to this request on the grounds that it is overly broad, unduly burdensome and, with respect to the 1992 policy, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. With respect to the 1954 policies, AGLA states that it does not have the requested information and documents.

8. Please state and identify the total premiums paid on each of the above referenced policies from the date of inception of said policies through the present by the Plaintiff and for each such policy please indicate whether any of these policies have lapsed for any reason, and if so on what date the lapse occurred and the reason for said lapse?

00692828.1                                            -4-

**RESPONSE:** An estimate of total premiums paid by Plaintiff can be calculated from information contained in the policy files produced by AGLA in this matter. Regarding the status of Plaintiff's policies, AGLA states as follows:

> The following policies have lapsed:
> (a) Policy 22-054A088272 - lapsed as of 08-17-98 as withdrawal of unclaimed endowment;
> (b) Policy 22-054A088273 - lapsed as of 06-24-98 as a cash surrender;
> (c) Policy 22-054A088274 - lapsed as of 08-04-98; lapse for nonpayment of premium;
> (d) Policy 22-93G0553221 - lapsed as of 06-24-98 as a cash surrender.

**9. Please identify each and every mortality and/or actuarial table used by these Defendants in the pricing of industrial life or whole life insurance policies in the face amount of $2,000 or less from 1941 through the present which contained or made reference to any racial, age or gender factor or formula.**

**RESPONSE:** AGLA objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Subject to and without waiving those objections, *see* response to interrogatory 7.

**10. Did these Defendants use rate books from 1941 through the present for the sale of industrial life or whole life insurance policies in the face amount of $2,000 or less which used as a factor in calculating the rates, the persons race, gender, age, ethnicity or national origin? If so, please identify which mortality tables, who with the Defendants has possession of such documents and when these Defendants ceased using these mortality tables.**

**RESPONSE:** AGLA objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Subject to and without waiving those objections, AGLA refers Plaintiff to the *McNeil* document production. Also, *see* response to interrogatory 7. Also, AGLA will attempt to identify the rate books used in the sale of Plaintiff's policies. Those rate books will be produced if they can be identified and located.

**11. Please identify each and every agent who has sold, serviced and/or collected premiums on any of the policies sold to the Plaintiff identified in the preceding interrogatories including in your answer their full name, last known address, age and social security number.**

RESPONSE: AGLA objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving those objections, AGLA states that it cannot ascertain the name(s) of the agent(s) who sold Plaintiff's policies because those policies were issued in 1954. AGLA is also unable to ascertain all the agents who collected premiums for Plaintiff's policies. Plaintiff's policy files, which have been produced, may contain names of individuals who had contact with Plaintiff.

12. Please state whether these Defendants have paid any benefits of any of the policies sold to the Plaintiff to the Plaintiff's beneficiaries on any of the policies identified in the preceding interrogatories? If so, please identify on which policies, and in what amount, these benefits were paid and who the beneficiary was who received payment.

RESPONSE: AGLA has no record of any claim for death benefits payable under the terms of Plaintiff's policies. As noted in response to interrogatory 8, AGLA has paid the cash surrender value for two of Plaintiff's policies and a withdrawal of an unclaimed endowment on another policy.

13. Please identify the amount of income the Defendants have derived from the selling of industrial life insurance and whole life insurance in the face amount of $2,000 or less from 1941 through the present. The Plaintiff's interrogatories are specifically limited to gross income and net income figures.

RESPONSE: AGLA objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

14. Please identify the amount of premiums which have been collected from African-American policyholders who purchased industrial life insurance or whole life insurance policies in the amount of $2,000 or less from 1941 through the present.

RESPONSE: AGLA objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA states that it does not have any records from which to obtain the requested information.

-6-

15. Please identify the names and addresses of each and every person you contend is a witness to any of the allegations or events set forth in the Plaintiff's Complaint and list their address and telephone number if known.

**RESPONSE**: AGLA identifies Ruby Kendrick. For names of other potential witnesses, AGLA references Plaintiff to the policy files produced in this case and to the *McNeil* document production.

16. Do you plan on calling at the trial of this case an expert witness to testify? If so, please state the names and addresses of each person you expect to call as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE**: AGLA will supplement this answer at a later date in accordance with the Alabama Rules of Civil Procedure and any scheduling order entered by the Court.

17. Please identify any successor to any Defendant who is responsible for any liability related to the Plaintiff's insurance policies including their address, the date of merger or acquisition and whether a formal agreement of merger or acquisition was entered into. If a formal agreement of acquisition or merger was entered into, please identify the custodian of such documents and their address.

**RESPONSE**: AGLA objects to this interrogatory to the extent it seeks a legal conclusion and on the grounds that the phrase "liability related to the Plaintiff's insurance policies" is vague and ambiguous. Subject to and without waiving those objections and the General Objections, AGLA states that The Independent Life and Accident Insurance Company (ILA) was incorporated in Florida in 1920, and in October 1980, through reorganization of the corporate structure, it became a subsidiary of Independent Insurance Group, Inc. (IIG). On February 29, 1996, American General Corporation ("AGC") acquired IIG, and ILA became a wholly owned subsidiary of AGC Life Insurance Company. On December 31, 1997, ILA merged with and into AGLA with AGLA becoming successor by merger.

18. **Please identify the number of African-American policyholders who were sold industrial life insurance policies or whole life insurance policies with a face death benefit of $2,000 or less by the Defendants whereby premiums were calculated with race used as a factor in the formulation and calculation of these premiums from 1941 through the present and include in your answer the different states these policyholders reside in, and the numbers of these policyholders by state or geographic region.**

RESPONSE: AGLA objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA states that it does not have the requested information. AGLA further states that the total number of in force policies in each of the categories identified by the Stipulation of Settlement filed in the *McNeil* class action can be calculated by referencing Exhibit 50 (also known as "Exhibit E") to the deposition of Robert Beuerlein taken in *McNeil v. American General*.

19. **Does the Defendant, Jamey Siggers, have (or has he ever had) errors and omissions insurance coverage from any insurance company for the allegations made by the Plaintiff in this complaint? If so, please identify the insurance company's name, address and identify the policy number of the E&O policy and include in your answer all applicable limits of coverage for the allegations made by the Plaintiff.**

RESPONSE: AGLA defers to Defendant Jamey Siggers' response to this interrogatory.

20. **Please identify the names and addresses of any persons, employees, officers, and/or agents who have any knowledge of the Defendants' practices of using race as a factor and formulation of premiums for industrial life or whole life insurance policies sold by these Defendants from 1941 through the present.**

RESPONSE: AGLA objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

21. **Please identify the name and address of any person, firm, corporations, partnership or entity who has performed outside actuarial or actuarial consulting services for**

and on behalf of the Defendants AGLA and/or Independent Life regarding the pricing or premium formulation for industrial life or whole life insurance policies in the face amount of $2,000 or less from 1941 through the present.

RESPONSE: AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks information regarding outside persons or entities that performed actuarial services in connection with the *McNeil* class action or any other litigation, that information is protected by the work product doctrine. Subject to and without waiving those objections and the General Objections, AGLA states that it is not aware of any outside actuarial or actuarial consulting services, but any information regarding persons or entities that performed actuarial services prior to the *McNeil* litigation would be disclosed in the *McNeil* document production.

## REQUEST FOR PRODUCTION

1. Any and all policyholder files of the Plaintiff, including, but not limited to, underwriting files, claim files, notes, memoranda, correspondence, e-mails, electronic memorandums, or other documents relating in any way to the policies issued or sold to the Plaintiff by the Defendants.

RESPONSE: AGLA states that it has already produced responsive documents.

2. A certified copy of the policies sold to the Plaintiff by the Defendants as identified by the following:

(a)   Ruby Kendrick
   07/12/54    88272
   07/12/54    88273
   07/12/54    88274
   11/22/92    60553221

RESPONSE: AGLA states that Plaintiff has copies of her policies. AGLA further states that it does not keep copies of policies in the ordinary course of business.

3. A copy of any and all rate books used to price the hereinabove identified policies sold to the Plaintiff and which were used by agents of the Defendants in the sale or servicing of these policies.

00692828.1                                    -9-

**RESPONSE:** AGLA objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections, AGLA states that rate books used to determine premiums for Plaintiff's policies were made available in the *McNeil* document production. To the extent the specific rate books used in the sale of Plaintiff's 1954 policies were not included in the *McNeil* document production, AGLA will search for and, if found, produce rate books related to those policies.

4.  **Any and all actuarial data, compilations, calculations, factors, documents, memorandums, e-mails, electronic memorandums, letters, correspondence, notices, or other documents of any way which relate to the pricing or formulation of premiums of industrial life and whole life insurance policies sold by the Defendants to the Plaintiff.**

**RESPONSE:** AGLA objects to this request as overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production. Also, *see* response to interrogatory 7.

5.  **A copy of any and all agreements by and between AGLA, Independent Life and/or any outside consulting or actuarial firm regarding the pricing or premium formulation for industrial life or whole life insurance policies in the face amount of $2,000 or less from 1941 through the present.**

**RESPONSE:** AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks information and documents regarding outside persons or entities that performed actuarial services in connection with the *McNeil* class action or any other litigation, that information is protected by the work product doctrine. Subject to and without waiving those objections and the General Objections, *see* response to interrogatory 21.

00692828.1                -10-

6. Any and all mortality tables, commissioner's standard, ordinary tables, rate books, rate sheets or other documents of any kind used to calculate premiums for the sale of industrial life policies and whole life insurance policies sold by the Defendants from 1941 through the present.

**RESPONSE**: AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

7. Any and all notices, letters, statements, tables, rate books, mortality tables, memorandums, e-mails, electronic memorandums, pamphlets, illustrations, outlines of coverage, projections, estimates or other documents used by the Defendants to formulate premiums for the sale of industrial life and/or whole life insurance policies which contained, made reference to or used race as a factor in formulation the price of these policies from 1941 through the present.

**RESPONSE**: AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

8. All commission statements for any agent(s) on the policies sold to the Plaintiff from the inception of the sale to the date of these presence.

**RESPONSE**: AGLA states that it does not have any commission statements relating to the policies sold to Plaintiff.

9. The personnel and agency files on each agent involved in the sale or servicing of any policy sold to the Plaintiff and identified above.

**RESPONSE**: AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA states that it does not have the service

00692828.1

-11-

files for the agent(s) who sold Plaintiff's 1954 policies and that it has no way of determining which agents serviced Plaintiff's policies. AGLA further states that it will search for and, if found, produce the service file for Jamey Siggers. At this time, AGLA cannot locate any record of its employment of Jamey Siggers.

10. A copy of any and all pamphlets, advertising materials, brochures, illustrations, outlines of coverages, projection, estimates or other documents used in the sale or marketing of industrial life or whole life insurance policies by AGLA or Independent Life as a marketing tool in the presentation of any industrial life or whole life insurance policy sold by these Defendants from 1941 through the present.

RESPONSE: AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

11. Any and all letters, memorandum, e-mails, electronic memorandum, correspondence, notes or other documents of any kind by and between officers, agents and employees of Independent Life and/or AGLA regarding or concerning the use of race as a factor in formulating premiums for the sale of industrial life and whole life insurance policies.

RESPONSE: AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

12. Any and all written, recorded, audio taped or video taped statement taken by or from the Plaintiff by your, your agents, or attorneys, concerning the policies or the allegations made in the Plaintiff's complaint.

RESPONSE: AGLA refers Plaintiff to the policy files produced in this case. AGLA is not aware of any statements other than those found in the policy files.

13. Any and all documents evidencing or relating to any complaints or lawsuits made about or concerning the use of race as a factor in calculating or pricing premiums for industrial life or whole life insurance policies sold by the Defendants AGLA and Independent Life from 1941 through the present.

**RESPONSE:** AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

14. Any and all documents or depositions taken in the class action against the Defendants pending in the United States District Court for the Middle District of Tennessee, Nashville Division, known as *Leola McNeal, et al. vs. American General Life and Accident Insurance Company*, Case No. 3:99-1157. This request specifically seeks the production of any and all documents produced in said class action, including, but not limited to, depositions that were taken and any exhibits thereto.

**RESPONSE:** AGLA states that responsive documents are available for Plaintiff's inspection.

15. Any and all computer programs, software, data or other computer information used to compile any information contained in any rate book, table, mortality table, mortality rate sheet, projection or calculation used in the pricing of premiums where race is used as a factor in the sale of industrial life insurance and whole life insurance sold by the Defendants from 1941 through the present.

**RESPONSE:** AGLA objects to this request as overly broad, unduly burdensome, confusing and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

16. Any and all employment or agency contracts between the agents who sold the Plaintiff's policies identified above and/or Independent Life and/or AGLA.

**RESPONSE:** AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA states that contracts with agents should be found in the service file. AGLA further states that it does not have the service file for the agent(s) who sold Plaintiff her 1954 policies. AGLA further states that it will search for and, if found, produce the service file for Jamey Siggers. At this time, AGLA cannot locate any record of its employment of Jamey Siggers.

17. **Any and all sales or training materials or manuals used by the Defendants to train its agents in the sale of industrial life or whole life insurance policies and the use of rate books or rate calculators from 1941 to the present.**

**RESPONSE:** AGLA objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

18. **Any and all documents showing the amount of premiums paid by the Plaintiff for the policies identified hereinabove to the Defendants.**

**RESPONSE:** Subject to the General Objections, AGLA refers Plaintiff to the policy files previously produced in this case.

19. **Any and all complaints maintained by AGLA or Independent Life concerning premiums of policies sold to African-Americans from 1941 through the present as are required to be maintained by the State of Alabama Insurance Department.**

**RESPONSE:** AGLA objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and to the extent it understands this request,

AGLA states that it does not maintain records identifying the ethnic group with which a customer registering a complaint may identify himself or herself.

20. Any and all documents, letters, e-mails, correspondence, electronic memorandum, memorandums, or documents of any kind of AGLA and/or Independent Life regarding its decision to cease the debit collection of premiums of the Plaintiff's policies or similar policies sold to persons nationwide.

RESPONSE: AGLA objects to this request as vague, overly broad and unduly burdensome. AGLA further asserts the General Objections. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

21. Any and all minutes of any board of director meetings, minutes of any meetings of any sub boards, minutes of any meetings of any committees or groups within AGLA or Independent Life which discussed, analyzed or criticized the sale, marketing, implementation, service continuation or termination, of the Defendants' practice of using race as a factor in formulating premiums for the sale of industrial life and whole life insurance policies to African-Americans.

RESPONSE: AGLA objects to this request as vague, overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections, AGLA refers Plaintiff to the *McNeil* document production.

22. Any and all documents from 1941 to the present which show how many industrial life or whole life insurance policies were sold in Alabama and nationwide (by state) to African-Americans who were charged more for their insurance policies than white Americans during the same time frame.

RESPONSE: AGLA objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections, AGLA states that it does not have the requested information. AGLA further states that the total number of in force policies in each of the categories identified by the Stipulation of Settlement filed in the *McNeil* class action can be

calculated by referencing Exhibit 50 (also known as "Exhibit E") to the deposition of Robert Beuerlein taken in *McNeil v. American General*.

**23. Any and all guidelines, documents, or plans regarding bonuses received by the Defendants officers or executive officers for the years 1941 through the present.**

**RESPONSE:** AGLA objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**24. Any and all minutes of any compensation committee meetings concerning executive or officer bonus compensation for the years 1941 through the present.**

**RESPONSE:** AGLA objects to this request as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**25. Any and all errors and omissions insurance policies, comprehensive general liability policies or insurance policies of any type or character which might provide insurance coverage to any named Defendant herein for the allegations set forth in the complaint and specifically included is a request for the copy of the declarations page with all applicable limits and amounts of insurance coverage described.**

**RESPONSE:** AGLA will produce responsive documents if any exist.

_____
Lee E. Bains, Jr. (BAI005)
Michael D. Mulvaney (MUL012)
J. Alan Baty (BAT029)

Attorneys for Defendants American General Life and Accident Insurance Company and American General Life Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000 [Telephone]
(205) 254-1999 [Facsimile]

## VERIFICATION

STATE OF TEXAS )
)
COUNTY OF HARRIS )

  Robert M. Beuerlein, being first duly sworn, on oath deposes and says that he is the Senior Vice President and Chief Actuary of American General Life Division which provides services to American General Life & Accident Insurance Company, a defendant in the above-entitled action; that he has read the foregoing interrogatory responses and knows the contents thereof; that the matters stated in the foregoing document are not within the personal knowledge of deponent and that the deponent is informed that no officer of the company has personal knowledge of all such matters; that said answers were prepared with the assistance and advice of counsel and the assistance of employees and representatives of the corporation upon which he has relied; that the answers and responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently, American General reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, said responses are true to the best of his knowledge, information and belief.

                        _/s/ Robert M. Beuerlein_
                        Robert M. Beuerlein

Sworn to and subscribed before me,
a Notary Public in and for said
County and State, this 14
day of August, 2001.

_/s/ Annette Vineyard_
Notary Public

My Commission Expires: 2/28/04

ANNETTE VINEYARD
Notary Public, State of Texas
My Commission Expires
February 28, 2004

[NOTARIAL SEAL]

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by facsimile and by depositing a copy in the United States Mail, first-class postage prepaid and addressed to:

David Cowan
Mann & Cowan, P.C.
Suite 601
2000-A SouthBridge Parkway
Birmingham, AL 35209

Robert S. W. Given
Burr & Forman, L.L.P.
420 20th Street North
SouthTrust Tower, Ste. 3100
Birmingham, Alabama 35203

On this the 20th day of August, 2001.

_____
OF COUNSEL