32

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| RUBY KENDRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: CV 00-256 |
| | ) |
| AMERICAN GENERAL LIFE & | ) |
| ACCIDENT INSURANCE COMPANY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### AMERICAN GENERAL'S FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO PLAINTIFF RUBY KENDRICK

Pursuant to Rule 36 of the Alabama Rules of Civil Procedure, Defendant American General Life and Accident Insurance Company (hereinafter "American General") propounds the following requests for admissions to Plaintiff(s). The requests are to be answered under oath within thirty days.

### DEFINITIONS

Unless otherwise defined, the following definitions apply:

1. "American General" shall mean Defendant American General Life and Accident Insurance Company, American General Life Insurance Company, The Independent Life and Accident Insurance Company, Equitable Life Insurance Company, Gulf Life Insurance Company, Home Beneficial Life Insurance Company, Home States Life Insurance Company, Interstate Life Insurance Company, Knight's Life Insurance Company, Life and Casualty Insurance Company, National Life and Accident Insurance Company and any other affiliated companies.

2. "Defendants" shall mean the defendants named in the Complaint.

00711403.1

3.       "You" (and any form thereof, including "your") shall refer to Plaintiff(s) or any agent or employee of Plaintiff(s), including (a) experts whom Plaintiff(s) expects to call as witnesses at trial, (b) attorneys retained by Plaintiff(s), and (c) persons who have access to the requested information or from whom Plaintiff(s) can obtain such information.

4.       *"McNeil v. American General Life and Accident Ins. Co."* refers to the class action captioned *McNeil v. American General Life and Accident Ins. Co.*, Case No. 3-99-1157 (M.D. Tenn).

## REQUESTS FOR ADMISSIONS

For each plaintiff, please answer the following:

1.       Admit that you contend that American General made misrepresentations to policyholders concerning the *McNeil v. American General Life and Accident Ins. Co.* case.

2.       Admit that you contend that a fraud occurred upon the United States District Court, Middle District of Tennessee, during the course of the *McNeil v. American General Life and Accident Ins. Co.* case.

3.       Admit that you contend that the relief granted in the *McNeil v. American General Life and Accident Ins. Co.* case was not fair and reasonable.

4.       Admit that you contend that the June 26, 2000 letter, which was sent to class members in *McNeil v. American General Life and Accident Ins. Co.*, contained misrepresentations.

5.       Admit that you contend that American General suppressed information relating to race based premium pricing from the court in the *McNeil v. American General Life and Accident Ins. Co.* case.

6.       Admit that you contend that American General misrepresented information relating

to race based premium pricing to the court in the *McNeil v. American General Life and Accident Ins. Co.* case.

7. Admit that you contend that American General made misrepresentations to Plaintiffs while they were members of the *McNeil v. American General Life and Accident Ins. Co.* class.

8. Admit that you are seeking relief and/or compensation for the intentional acts of race discrimination allegedly committed by American General with respect to your contract of insurance.

9. Admit that you contend that American General was racially motivated in allegedly charging you premiums higher than those charged to similarly situated whites.

10. Admit that you contend that you were allegedly charged higher insurance premiums solely by reason of your race.

11. Admit that you contend that American General has treated you less favorably than others because of your race.

12. Admit that you contend that your race was a factor in American General's alleged decision to charge African-American policyholders a higher premium rate than similarly situated white policyholders.

13. Admit that you contend that as a result of American General's alleged conduct with respect to charging premiums, you were prevented from contracting for life insurance under the same terms as similarly situated white policyholders.

14. Admit that you consider life insurance to be a very valuable product in planning for the future and protection of your family.

15. Admit that American General did not make any misrepresentations to policyholders concerning the *McNeil v. American General Life and Accident Ins. Co.* case.

16.    Admit that American General did not defraud the court during the course of the *McNeil v. American General Life and Accident Ins. Co.* case.

17.    Admit that the relief granted in *McNeil v. American General Life and Accident Ins. Co.*, case was fair and reasonable.

18.    Admit that the June 26, 2000 letter, which was sent to class members in *McNeil v. American General Life and Accident Ins. Co.*, contained no misrepresentations.

19.    Admit that American General did not suppress information relating to race based premium pricing from the court in the *McNeil v. American General Life and Accident Ins. Co.* case.

20.    Admit that American General did not misrepresent information relating to race based premium pricing to the court in the *McNeil v. American General Life and Accident Ins. Co.* case.

21.    Admit that American General did not make any misrepresentations to Plaintiffs while they were members of the *McNeil v. American General Life and Accident Ins. Co.* class.

22.    Admit that you are not seeking relief and/or compensation for the intentional acts of race discrimination allegedly committed by American General with respect to your contract of insurance.

23.    Admit that you do not contend that American General was racially motivated in allegedly charging you premiums higher than those charged to similarly situated whites.

24.    Admit that you do not contend that you were allegedly charged higher insurance premiums solely by reason of your race.

25.    Admit that you do not contend that American General has treated you less favorably than others because of your race.

26. Admit that you do not contend that your race was a factor in American General's alleged decision to charge African-American policyholders a higher premium rate than similarly situated white policyholders.

27. Admit that you do not contend that as a result of American General's alleged conduct with respect to charging premiums, you were prevented from contracting for life insurance under the same terms as similarly situated white policyholders.

28. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that American General was racially motivated in allegedly charging you premiums higher than those charged to similarly situated whites.

29. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that you were allegedly charged higher insurance premiums solely by reason of your race.

30. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that American General has treated you less favorably than others because of your race.

31. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that your race was a factor in American General's alleged decision to charge African-American policyholders a higher premium rate than similarly situated white policyholders.

32. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that as a result of American General's alleged conduct with respect

to charging premiums, you were prevented from contracting for life insurance under the same terms as similarly situated white policyholders.

33. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence of American General allegedly making misrepresentations to policyholders during the course of the *McNeil v. American General Life and Accident Ins. Co.* case.

34. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence that American General allegedly defrauded the United States District Court, Middle District of Tennessee, during the course of the *McNeil v. American General Life and Accident Ins. Co.* case.

35. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that the June 26, 2000 letter, which was sent to *McNeil v. American General Life and Accident Ins. Co.* class members, contained misrepresentations.

36. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that American General suppressed information relating to race based premium pricing from the court in the *McNeil v. American General Life and Accident Ins. Co.* case.

37. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that American General misrepresented information relating to race based premium pricing to the United States District Court, Middle District of Tennessee in the *McNeil v. American General Life and Accident Ins. Co.* case.

38. Admit that you will not seek to introduce or to enter into the evidentiary record of this case evidence purporting to show that American General made misrepresentations to Plaintiffs while they were members of the *McNeil v. American General Life and Accident Ins. Co.* class.

> _____
> Lee E. Bains, Jr. (BAI005)
> Michael D. Mulvaney (MUL012)
> J. Alan Baty (BAT029)
> Attorneys for Defendant American General Life and Accident Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000 [Telephone]
(205) 254-1999 [Facsimile]

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

David M. Cowan
Mann & Cowan, P.C.
Suite 601
2000-A SouthBridge Parkway
Birmingham, AL 35209

Robert S.W. Given
Burr & Forman, L.L.P.
3100 SouthTrust Tower
420 20th Street North
Birmingham, Alabama 35203

on this the 4th day of October, 2000.

_____
OF COUNSEL