**34**

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| RUBY KENDRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-2001-256 |
| | ) |
| AMERICAN GENERAL LIFE AND | ) |
| ACCIDENT INSURANCE COMPANY, | ) |
| ET AL., | ) |
| | ) |
| Defendant. | ) |

FILED IN OFFICE THIS
OCT 9 2001
CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### DEFENDANT AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION TO STAY ALL FURTHER PROCEEDINGS PENDING A RULING BY THE ALABAMA SUPREME COURT ON A CRITICAL ISSUE

Defendant American General Life And Accident Insurance Company (hereinafter "American General") moves this Honorable Court for an Order staying all further proceedings in this civil action pending resolution by the Alabama Supreme Court of Liberty National Life Insurance Company's Petition for a Writ of Mandamus directed to the Circuit Court of Bullock County, Alabama, filed in *Ex parte Liberty National Life Insurance Company (In re: Hudson v. Liberty National Life Ins. Co.)*, Case No. 1002041 (Ala. Sup. Ct.) ("*Hudson v. Liberty National*" or *"Hudson"*). In support of this motion, American General states as follows:

1. This civil action is about alleged racial discrimination in the pricing of life insurance premiums. It arises out of Plaintiff's purchase of 3 life insurance policies during 1954. Plaintiff alleges a broad range of claims, including claims that American General charged higher insurance premiums to African-Americans than to whites and claims attacking the industrial life insurance product generally.

00711881.1

2. This case is strikingly similar to another case filed in the Circuit Court of Bullock County, Alabama. In *Hudson v. Liberty National*, the Hudsons, like Ruby Kendrick, brought claims against a life insurance company (Liberty National) relating to the alleged charging of racially discriminatory insurance premiums.

3. In *Hudson*, Liberty National filed a Motion to Dismiss relying primarily on Alabama's strict twenty-year Rule of Repose. The Rule of Repose is "a substantive doctrine of the State, eliminating a cause of action, irrespective of its date of accrual." *Moore v. Liberty National Ins. Co.*, 108 F. Supp. 2d 1266, 1274 (N.D. Ala. June 22, 2000). The Rule of Repose "has only one element – the passage of twenty years from the moment that the actions giving rise to the claim occurred – and, if that time has elapsed, no claim can be pursued." *Id.*

4. In *Hudson*, the Circuit Court of Bullock County denied the Defendant's Motion to Dismiss. In response to the Circuit Court's Order denying its Motion to Dismiss, Liberty National filed a Motion for a Stay of Proceedings and for Interlocutory Certification of the Repose Issue to the Alabama Supreme Court. Like the Motion to Dismiss, Liberty National's Motion to Stay was also denied by the Circuit Court. Thereafter, Liberty National petitioned the Alabama Supreme Court for a writ of mandamus directing the Circuit Court either to grant its Motion to Dismiss or to certify the timeliness of Plaintiffs' claims for interlocutory appeal.

5. On September 5, 2001, the Alabama Supreme Court ordered the Circuit Court of Bullock County and the plaintiffs to file answers to Liberty National's mandamus petition. In addition, the Supreme Court ordered that all proceedings in the *Hudson* case be stayed pending the disposition of Liberty National's petition for writ of mandamus. *See* Exhibit A, Alabama Supreme Court's September 5, 2001 Order in *Hudson v. Liberty National*.

6. In addressing the issue involved in the *Hudson* petition for writ of mandamus, the Alabama Supreme Court will necessarily discuss Alabama's Rule of Repose in a context that is almost identical to this case. In all probability, the Alabama Supreme Court's decision in the *Hudson v. Liberty National* case will be determinative of a critical dispositive issue posed in American General's pending Motion for Judgment on the Pleadings in this case.

7. Just as in the Motion to Dismiss filed in *Hudson v. Liberty National*, the Rule of Repose is a critical issue raised in American General's Answer and Motion for Judgment on the Pleadings in this civil action. In particular, American General, like Liberty National, contends that all of the Plaintiff's claims are barred by the Rule of Repose. Therefore, in the interest of judicial economy and to prevent inconsistent adjudications, all parties and this Court would be well-served to allow the Alabama Supreme Court to rule on the Rule of Repose issue in *Hudson v. Liberty National* before any further proceedings take place in this civil action. Without such a stay, the parties, as well as this Court, run the substantial risk of expending a significant amount of time and expense preparing, arguing and hearing dispositive motions and other pre-trial related filings, as well as incurring the time and expense associated with conducting a lengthy trial, only to have the Alabama Supreme Court change the entire composition of the case and any prior rulings with its decision in *Hudson v. Liberty National* concerning the Rule of Repose. Certainly, the risk of avoiding such undue labor and expense outweighs the nominal value of proceeding any further in this action.

8. The Alabama Supreme Court has long recognized that a Circuit Court has the inherent power to stay proceedings in a civil action prior to judgment in order to await the decision of another court. *Ex parte Osborn*, 375 So. 2d 467, 468 (Ala. 1979) ("[A] stay of proceedings prior

to judgment so as to await the decision of another court is within the inherent power of the court to control its docket"); *accord, Ex parte Lyon Financial Services, Inc.*, 775 So. 2d 181, 183 (Ala. 2000); *State v. Waller*, 133 Ala. 199, 32 So. 163, 164 (1902) ("It is a well-recognized principle that . . . the power to stay proceedings for the purpose of exercising equitable control over the parties or proceedings, to the end that justice may be promoted, is everywhere conceded to be inherent in courts of general jurisdiction.") (citations omitted).

WHEREFORE, American General respectfully moves this Honorable Court to stay all further proceedings in this case pending the Alabama Supreme Court's resolution of Liberty National's Petition for a Writ of Mandamus to the Circuit Court of Bullock County filed in *Hudson v. Liberty National*.

Respectfully Submitted,

_____
Lee E. Bains, Jr. (BAI006)
Michael D. Mulvaney (MUL012)
J. Alan Baty (BAT029)
Attorneys for Defendant American General Life
And Accident Insurance Company

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing Defendant American General Life and Accident Insurance Company's Motion to Stay all Further Proceedings Pending a Ruling by the Alabama Supreme Court on a Critical Issue has been served on the following counsel by placing same in the United States Mail, first class postage prepaid and addressed to:

David M. Cowan
Mann & Cowan, P.C.
Suite 601
2000B SouthBridge Parkway
Birmingham, AL 35209

Robert S.W. Given
Burr & Forman LLP
SouthTrust Tower, Suite 3100
420 20th Street North
Birmingham, AL 35203

on this the 5th day of October, 2001

_____
OF COUNSEL

IN THE SUPREME COURT OF ALABAMA
September 5, 2001

1002041

Ex parte Liberty National Life Insurance Company. PETITION FOR WRIT OF MANDAMUS (In re: Charles Hudson and Alice Hudson v. Liberty National Life Insurance Company et al.) (Bullock Cir.Ct.No.: CV-2001-25)

ORDER

The petition of Liberty National Life Insurance Company for writ of mandamus to be directed to the Honorable L. Bernard Smithart, Judge of the Circuit Court of Bullock County, having been filed and submitted to the Court,

IT IS ORDERED, as follows:

1. That the respondents, Judge L. Bernard Smithart, Charles Hudson and Alice Hudson et al., file with the Clerk of this Court their answers to the said petition, a copy of which appears to have been served on them, or their attorneys, on August 30, 2001, with briefs in support of said answers, within fourteen (14) days from the date of this order; and

2. That the petitioner shall file a brief in reply to respondents' answers and briefs within seven (7) days from the date of service of respondents' answers and briefs.

IT IS FURTHER ORDERED that all proceedings in this case in the Circuit Court of Bullock County, Alabama, are stayed pending the disposition of this petition for writ of mandamus.

IT IS FURTHER ORDERED that the Clerk of this Court shall serve a copy of this order upon all parties to this cause, or their attorneys of record, by mailing a copy thereof to them by United States mail, postage prepaid.

Houston, Lyons, Brown, Woodall, and Stuart, JJ., concur.

Moore, C. J., and Johnstone, Harwood, JJ., dissent.

See, J., recuses himself.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 5th day of Sept, 2001

Robert D Esdale, Sr.
Clerk, Supreme Court of Alabama

EXHIBIT A