37

37

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| RUBY KENDRICK, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 2001-256 |
| | ) |
| AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, ET AL., | ) |
| Defendant. | ) |

FILED IN OFFICE THIS

OCT 15 2001

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## ANSWER OF DEFENDANT
## AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY

Defendant American General Life and Accident Insurance Company (hereinafter referred to as "American General")[1] for its answer to Plaintiff's Complaint, and each and every allegation therein, states as follows:

1. American General denies that the Plaintiff is Jamey Siggers. Upon information and belief, American General admits the remaining allegations in paragraph 1.

2. American General admits that it is an insurance company with its principal place of business in Tennessee and that it does business by agent in Alabama. American General further admits that it is the successor in interest to The Independent Life and Accident Insurance Company. American General denies the remaining allegations in paragraph 2.

---

[1] On December 31, 1997, The Independent Life and Accident Insurance Company was merged into American General Life and Accident Insurance Company with American General Life and Accident Insurance Company emerging as the surviving entity. After that date, The Independent Life and Accident Insurance Company no longer existed as an operating entity. Prior to December 31, 1997, Independent Life and Accident Insurance Company was a Florida corporation with its principal place of business in Jacksonville, Florida.

00711362.1

3. American General admits that it is an insurance company with its principal place of business in Tennessee and that it does business by agent in Alabama. American General further admits that it is the successor in interest to The Independent Life and Accident Insurance Company. American General denies the remaining allegations in paragraph 3.

4. American General denies the material allegations in paragraph 4.

5. American General denies the material allegations in paragraph 5.

6. American General is without information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 6.

7. American General is without information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 7.

8. American General is without information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 8.

9. American General admits that Plaintiff owned policies issued by The Independent Life and Accident Insurance Company ("Independent Life") and/or American General Life and Accident Insurance Company. American General denies the remaining allegations in paragraph 9.

10. American General denies the allegations in paragraph 10.

11. American General denies the allegations in paragraph 11.

12. American General denies the allegations in paragraph 12.

13. American General denies the allegations in paragraph 13 with the exception of the following:

    a.. On July 12, 1954, Independent Life issued to Ruby Kendrick policy 22-54A088272, an endowment maturing at age 70 and a sickness and accident

policy renewable to age 70; the endowment matured on July 1, 1998, and the settlement was distributed to Ruby Kendrick on or about August 17, 1998.

b. On July 12, 1954, Independent Life issued to Ruby Kendrick policy 22-54A088273, an endowment at age 80; this policy was cash surrendered on June 24, 1998.

c. On July 12, 1954, Independent Life issued to Ruby Kendrick policy 22-54A088274; on August 4, 1998, this policy lapsed for nonpayment of premiums.

d. In 1993, Independent Life issued to Ruby Kendrick policy 93G0553221; on June 24, 1998, this policy was cash surrendered.

14. American General denies the allegations in paragraph 14.

15. American General denies the allegations in paragraph 15.

16. American General denies the allegations in paragraph 16 and its subparts.

17. American General denies the allegations in paragraph 17.

18. American General denies the allegations in paragraph 18.

19. American General denies the allegations in paragraph 19.

20. American General denies the allegations in paragraph 20.

21. American General denies the allegations in paragraph 21.

22. American General denies the allegations in paragraph 22.

23. American General denies the allegations in paragraph 23.

24. American General denies the allegations in paragraph 24.

25. American General denies the allegations in paragraph 25.

26. American General denies the allegations in paragraph 26.

27. American General denies the allegations in paragraph 27.

28. American General denies the allegations in paragraph 28.

29. American General realleges all of its responses to the preceding paragraphs as if set forth here in full.

30. American General denies the allegations in paragraph 30.

31. American General denies the allegations in paragraph 31.

32. American General denies the allegations in paragraph 32.

33. American General denies the allegations in paragraph 33.

34. American General realleges all of its responses to the preceding paragraphs as if set forth here in full.

35. American General denies the allegations in paragraph 35.

36. American General denies the allegations in paragraph 36.

37. ' American General realleges all of its responses to the preceding paragraphs as if set forth here in full.

38. American General denies the allegations in paragraph 38 and its subparts.

39. American General denies the allegations in paragraph 39.

40. American General denies the allegations in paragraph 40 and its subparts.

41. American General denies the allegations in paragraph 41 and its subparts.

42. American General denies the allegations in paragraph 42 and its subparts.

43. American General denies the allegations in paragraph 43.

44. American General denies the allegations in paragraph 44.

45. American General realleges all of its responses to the preceding paragraphs as if set forth here in full.

46. American General denies the allegations in paragraph 46.

47. American General denies the allegations in paragraph 47 and its subparts.

48. American General denies the allegations in paragraph 48 and its subparts.

49. American General denies the allegations in paragraph 49.

50. American General denies the allegations in paragraph 50.

51. American General denies the allegations in paragraph 51.

52. American General realleges all of its responses to the preceding paragraphs as if set forth here in full.

53. American General denies the allegations in paragraph 53.

54. American General denies the allegations in paragraph 54.

55. American General realleges all of its responses to the preceding paragraphs as if set forth here in full.

56. American General denies the allegations in paragraph 56.

57. American General denies the allegations in paragraph 57.

58. American General denies the allegations in paragraph 58.

59. American General denies the allegations in paragraph 59.

60. American General denies the allegations in paragraph 60.

61. American General denies the allegations in paragraph 61 and its subparts.

62. American General denies the allegations in paragraph 62.

63. American General denies the allegations in paragraph 63.

64. American General denies the allegations in paragraph 64.

65. American General realleges all of its responses to the preceding paragraphs as if set forth here in full.

66. American General denies the allegations in paragraph 66.

67. American General denies the allegations in paragraph 67.

68. American General denies the allegations in paragraph 68 and its subparts.

69. American General denies the allegations in paragraph 69.

70. American General denies the allegations in paragraph 70.

71. American General realleges all of its responses to the preceding paragraphs as if set forth here in full.

72. American General denies the allegations in paragraph 72.

73. American General denies the allegations in paragraph 73.

American General denies all of Plaintiff's ad damnum clauses and states that Plaintiff is not entitled to any compensatory and punitive damages.

## DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim against American General upon which relief can be granted.

## SECOND DEFENSE

American General is not guilty of the matters and things alleged in the Complaint.

### THIRD DEFENSE

American General denies the material allegations of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom American General owes no legal responsibility.

### FIFTH DEFENSE

American General avers that venue is improper. In the alternative, venue would be more appropriate in another forum.

### SIXTH DEFENSE

American General denies that it or any of its agents breached any duty or obligation allegedly owed to Plaintiff or that it or any of its agents misrepresented any material fact to Plaintiff or that it or any of its agents have omitted to state any material fact to Plaintiff. To the extent Plaintiff's Complaint attempts to state a claim for fraud, the Complaint fails to comply with Rules 8 and 9 of the applicable Rules of Civil Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Rule of Repose.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by prescription.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

## THIRTEENTH DEFENSE

American General avers that Plaintiff's claims are barred, in whole or in part, by res judicata, collateral estoppel, waiver, contributory negligence, accord and satisfaction, lack of standing, failure to read, release and/or estoppel.

## FOURTEENTH DEFENSE

Plaintiff lacks standing to sue.

## FIFTEENTH DEFENSE

Plaintiff's claims are not ripe.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the "filed-rate" doctrine.

## SEVENTEENTH DEFENSE

Plaintiff's alleged losses are subject to and barred by all of the terms and conditions of the policy or policies of insurance made the basis of this lawsuit.

## EIGHTEENTH DEFENSE

American General pleads that the transaction alleged was voluntarily undertaken, that plaintiff had the opportunity and the obligation to read all documents presented to or signed by

plaintiff, that the terms of the insurance purchase were fully disclosed to plaintiff, that plaintiff knowingly entered into the transaction, having either understood the transaction or having failed to take advantage of the opportunity to understand the transaction.

### NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

### TWENTIETH DEFENSE

American General denies that Plaintiff reasonably relied upon any alleged misrepresentation or omission by American General or its agents, or that Plaintiff was damaged as the proximate result of any alleged misrepresentation or omission.

### TWENTY-FIRST DEFENSE

American General pleads the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to any and all claims made against American General or its agents that fall within any applicable arbitration provision contained in Plaintiff's American General policy(ies). This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

### TWENTY-SECOND DEFENSE

American General pleads that Plaintiff is a member of a class that was certified and settled. Plaintiff's claims are subject to the class action settlement approved by the court in that separate action. Plaintiff's claims in this action are therefore barred by the doctrines of *res judicata*, accord and satisfaction, release, and collateral estoppel

### TWENTY-THIRD DEFENSE

Plaintiff has suffered no damages as a result of the matters alleged in the complaint.

## TWENTY-FOURTH DEFENSE

American General denies that Plaintiff was injured or harmed in any way by any alleged act or omission by American General or its agents.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims fail, in whole or in part, because plaintiff has failed to mitigate damages.

## TWENTY-SIX DEFENSE

Plaintiff cannot recover damages for alleged mental anguish or emotional distress because plaintiff cannot allege or prove that plaintiff has sustained a physical injury as a result of defendant's alleged conduct or that plaintiff was placed in immediate risk of physical harm by that conduct.

## TWENTY-SEVENTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

## TWENTY-EIGHTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against American General would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### TWENTY-NINTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to American General by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### THIRTIETH DEFENSE

American General cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

### THIRTY-FIRST DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### THIRTY-SECOND DEFENSE

Ala. Code § 6-11-21 bars Plaintiff's claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

## THIRTY-THIRD DEFENSE

Alabama Act No. 99-358 bars Plaintiff's claims for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate American General's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate American General's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment,

and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate American General's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

### THIRTY-SEVENTH DEFENSE

Any award of punitive damages based on anything other than American General's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent American General from being subject to other judgments awarded with the goal of punishing American General for the same wrong. In effect, American General would receive multiple punishments for the same wrong.

### THIRTY-EIGHTH DEFENSE

Any award of punitive damages in this case would violate American General's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of

the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

## THIRTY-NINTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

## FORTIETH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

## FORTY-FIRST DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to American General's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art, I, § 15.

## FORTY-SECOND DEFENSE

Without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## FORTY-THIRD DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon American General's status as a large, out-of-state, corporate entity.

## FORTY-FOURTH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## FORTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages against American General cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## FORTY-SIXTH DEFENSE

Any award of punitive damages based on anything other than American General's conduct, if any, in connection with the sale of the specific product that is the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect American General against impermissible multiple punishment for the same wrong. See Gore v. BMW of North America, Inc., 116 S.Ct. 1509 (1996).

### FORTY-SEVENTH DEFENSE

Plaintiff's demand for punitive damages is unconstitutional and violates American General's right to due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article I, Section 6, of the Alabama Constitution, because the jury is not authorized to apportion damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by each alleged tortfeasor.

### FORTY-EIGHTH DEFENSE

American General is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

### FORTY-NINTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to American General in this case.

### FIFTIETH DEFENSE

Defendant reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

_____
Lee E. Bains, Jr. (BAI005)
Michael D. Mulvaney (MUL012)
J. Alan Baty (BAT029)
Attorneys for Defendant American General Life and
Accident Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

David M. Cowan
Mann & Cowan, P.C.
Suite 601
2000B SouthBridge Parkway
Birmingham, AL 35209

Robert S. W. Given
BURR & FORMAN, L.L.P.
SouthTrust Tower
420 20th Street South
Suite 3100
Birmingham, AL 35203

On this the ___4th___ day of ___October___, 2001.

_____
OF COUNSEL