42

42

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| RUBY KENDRICK, | ) |
|     Plaintiff, | ) ) ) |
| VS. | )   CIVIL ACTION NUMBER )   CV-00-256 |
| AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, and JAMES SIGGERS, | ) ) ) ) |
|     Defendants. | ) |

## UNOPPOSED MOTION TO PLACE ON ADMINISTRATIVE DOCKET

COMES NOW, American General Life and Accident Insurance Company ("American General"), one of the Defendants in the above-styled cause, and moves that this action be placed on this Court's administrative docket. In support of this unopposed motion, American General states as follows:

1. This civil action is about alleged racial discrimination in the pricing of life insurance premiums. It arises out of Plaintiff's purchase of 3 life insurance policies in 1954. Plaintiff alleges a broad range of claims, including claims that American General charged higher insurance premiums to African-Americans than to whites and claims attacking the industrial life insurance product generally.

2. This case is strikingly similar to another case filed in the Circuit Court of Barbour County, Alabama. In *James Underwood v. American General Life and Accident Ins. Co.*, Mr. Underwood, like Ruby Kendrick, brought claims against American General relating to the alleged charging of racially discriminatory insurance premiums.

00961447.1

1

3. In *Underwood,* American General filed a Motion for Summary Judgment relying primarily on Alabama's strict twenty-year Rule of Repose. The Rule of Repose is "a substantive doctrine of the State, eliminating a cause of action, irrespective of its date of accrual." *Moore v. Liberty National Ins. Co.*, 108 F. Supp. 2d 1266, 1274 (N.D. Ala. June 22, 2000). The Rule of Repose "has only one element – the passage of twenty years from the moment that the actions giving rise to the claim occurred – and, if that time has elapsed, no claim can be pursued." *Id.*

4. In *Underwood*, the Circuit Court denied American General's Motion for Summary Judgment. However, the Court entered an order certifying the Rule of Repose issue for interlocutory appeal.

5. On January 21, 2003, the Alabama Supreme Court granted American General's petition for interlocutory appeal. *See* Exhibit A, Alabama Supreme Court's January 21, 2003 Order in *Underwood v. American General*.

6. In addressing the issue involved in the *Underwood* interlocutory appeal, the Alabama Supreme Court will necessarily discuss Alabama's Rule of Repose in a context that is identical to this case. The Alabama Supreme Court's decision in the *Underwood v. American General* case will likely be determinative of a critical dispositive issue posed in American General's pending Answer and Motion for Judgment on the Pleadings in this case.

7. In the interest of judicial economy and to prevent inconsistent adjudications, all parties and this Court would be well-served to allow the Alabama Supreme Court to rule on the Rule of Repose issue in *Underwood v. American General* before any further proceedings take place in this civil action. Without such a stay, the parties, as well as this Court, run the substantial risk of expending a significant amount of time and expense preparing, arguing and hearing dispositive

motions and other pre-trial related filings, as well as incurring the time and expense associated with conducting a lengthy trial, only to have the Alabama Supreme Court change the entire composition of the case and any prior rulings with its decision in *Underwood v. American General*. The risk of avoiding such undue labor and expense outweighs the nominal value of proceeding any further in this action.

8.   The Alabama Supreme Court has long recognized that a Circuit Court has the inherent power to stay proceedings in a civil action prior to judgment in order to await the decision of another court. *Ex parte Osborn*, 375 So. 2d 467, 468 (Ala. 1979) ("[A] stay of proceedings prior to judgment so as to await the decision of another court is within the inherent power of the court to control its docket"); *accord, Ex parte Lyon Financial Services, Inc.*, 775 So. 2d 181, 183 (Ala. 2000); *State v. Waller*, 133 Ala. 199, 32 So. 163, 164 (1902) ("It is a well-recognized principle that . . . the power to stay proceedings for the purpose of exercising equitable control over the parties or proceedings, to the end that justice may be promoted, is everywhere conceded to be inherent in courts of general jurisdiction.") (citations omitted).

9.   American General submits that none of the parties to this lawsuit, including Plaintiff Ruby Kendrick, opposes this motion.

WHEREFORE, American General respectfully moves this Honorable Court to stay all further proceedings in this case pending the outcome of the appeal in *Underwood v. American General*.

Respectfully Submitted,

_____
Lee E. Bains, Jr. (BAI005)
Michael D. Mulvaney (MUL012)
Thomas J. Butler (BUT028)
Attorneys for Defendants American General
Life and Accident Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant American General Life and Accident Insurance Company's Unopposed Motion to Place on Administrative Docket has been served on the following counsel by placing same in the United States Mail, first class postage prepaid and addressed to:

David M. Cowan
Mann & Cowan, P.C.
Suite 601
2000B SouthBridge Parkway
Birmingham, AL 35209

Robert S.W. Given
Burr & Forman LLP
SouthTrust Tower, Suite 3100
420 20th Street North
Birmingham, AL 35203

on this the 23rd day of December, 2003

_____
OF COUNSEL   /by Emet with permission

FILED IN OFFICE THIS

DEC 29 2003

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

00961447.1                             5

IN THE SUPREME COURT OF ALABAMA
January 21, 2003

1020337

Ex parte American General Life and Accident Insurance Company et al. PETITION FOR PERMISSION TO APPEAL (In re: James T. Underwood, an individual v. American General Life and Accident Insurance Company, a corporation) (Clayton Division of Barbour Circuit Court: CV-00-78).

ORDER

The petition for permission to appeal from an interlocutory order entered in the above cause having been filed and duly submitted to the Court, it is considered that the petition is due to be granted.

IT IS, THEREFORE, ORDERED, pursuant to the provisions of Rule 5, Alabama Rules of Appellate Procedure, that permission is hereby granted to the petitioner to appeal to this Court from the interlocutory order entered on November 18, 2002, in the case of James T. Underwood, an individual v. American General Life and Accident Insurance Company, a corporation, Civil Action No. 00-78.

IT IS FURTHER ORDERED that the petitioner shall, pursuant to Rule 5(c), Alabama Rules of Appellate Procedure, pay an additional $50.00 docket fee, as provided by Rule 35A(4), Alabama Rules of Appellate Procedure; file a docketing statement (Form ARAP 24) in the trial court for transmittal to this Court; and file a security for costs as required by Rule 7, Alabama Rules of Appellate Procedure.

IT IS FURTHER ORDERED that the petitioner shall advise this Court, in writing, within seven (7) days from the entry of this order whether a transcript has been ordered. (See Rules 10 and 11, Alabama Rules of Appellate Procedure and Form ARAP 1, Notice of Appeal.)

Houston, See, Brown, Woodall, and Stuart, JJ., concur.

Lyons, and Harwood, JJ., dissent.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 21st day of Jan., 2003

*Robert D Esdale, Sr.*
Clerk, Supreme Court of Alabama

EXHIBIT A