IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUBY KENDRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. |
| | ) 3:05cv762-C |
| AMERICAN GENERAL LIFE AND | ) |
| ACCIDENT INSURANCE COMPANY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF DEFENDANT
AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant American General Life and Accident Insurance Company ("American General"), for its answer to Plaintiffs' First Amended Complaint, and each and every allegation therein, states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against American General upon which relief can be granted.

**SECOND DEFENSE**

American General is not guilty of the matters and things alleged in the Complaint.

**THIRD DEFENSE**

American General denies the material allegations of the Complaint and demands strict proof thereof.

01208763.1

## FOURTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom American General owes no legal responsibility.

## FIFTH DEFENSE

American General avers that venue is improper. In the alternative, venue would be more appropriate in another forum.

## SIXTH DEFENSE

American General denies that it or any of its agents breached any duty or obligation allegedly owed to Plaintiffs or that it or any of its agents misrepresented any material fact to Plaintiffs or that it or any of its agents have omitted to state any material fact to Plaintiffs. To the extent Plaintiffs' Complaint attempts to state a claim for fraud, the Complaint fails to comply with Rules 8 and 9 of the applicable Rules of Civil Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the rule of repose.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by prescription.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

01208763.1

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule.

## THIRTEENTH DEFENSE

American General avers that Plaintiffs' claims are barred, in whole or in part, by res judicata, collateral estoppel, waiver, contributory negligence, accord and satisfaction, lack of standing, failure to read, release and/or estoppel.

## FOURTEENTH DEFENSE

Plaintiffs lacks standing to sue.

## FIFTEENTH DEFENSE

Plaintiffs' claims are not ripe.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the "filed-rate" doctrine.

## SEVENTEENTH DEFENSE

Plaintiffs' alleged losses are subject to and barred by all of the terms and conditions of the policy or policies of insurance made the basis of this lawsuit.

## EIGHTEENTH DEFENSE

American General pleads that the transaction alleged was voluntarily undertaken, that plaintiffs had the opportunity and the obligation to read all documents presented to or signed by plaintiffs, that the terms of the insurance purchase were fully disclosed to plaintiffs, that plaintiffs knowingly entered into the transaction, having either understood the transaction or having failed to take advantage of the opportunity to understand the transaction.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of merger.

01208763.1

**TWENTIETH DEFENSE**

American General denies that Plaintiffs reasonably relied upon any alleged misrepresentation or omission by American General or its agents, or that Plaintiffs were damaged as the proximate result of any alleged misrepresentation or omission.

**TWENTY-FIRST DEFENSE**

American General pleads the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to any and all claims made against American General or its agents that fall within any applicable arbitration provision contained in Plaintiffs' American General policy(ies). This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

**TWENTY-SECOND DEFENSE**

American General pleads that Plaintiffs are members of a class that was certified and settled. Plaintiffs' claims are subject to the class action settlement approved by the court in that separate action. Plaintiffs' claims in this action are therefore barred by the doctrines of *res judicata*, accord and satisfaction, release, and collateral estoppel

**TWENTY-THIRD DEFENSE**

Plaintiffs have suffered no damages as a result of the matters alleged in the complaint.

**TWENTY-FOURTH DEFENSE**

American General denies that Plaintiffs were injured or harmed in any way by any alleged act or omission by American General or its agents.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims fail, in whole or in part, because plaintiffs have failed to mitigate damages.

01208763.1

## TWENTY-SIX DEFENSE

Plaintiffs cannot recover damages for alleged mental anguish or emotional distress because plaintiffs cannot allege or prove that plaintiffs have sustained a physical injury as a result of defendant's alleged conduct or that plaintiff was placed in immediate risk of physical harm by that conduct.

## TWENTY-SEVENTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

## TWENTY-EIGHTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against American General would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## TWENTY-NINTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to American General by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these

01208763.1

constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### THIRTIETH DEFENSE

American General cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

### THIRTY-FIRST DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### THIRTY-SECOND DEFENSE

Former Ala. Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### THIRTY-THIRD DEFENSE

Section § 6-11-21 of the *Alabama Code* bars plaintiffs' claims for punitive damages insofar as said claim exceeds the greater of three times plaintiffs' compensatory damages or $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

01208763.1

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate American General's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate American General's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would

violate American General's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

### THIRTY-SEVENTH DEFENSE

Any award of punitive damages based on anything other than American General's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent American General from being subject to other judgments awarded with the goal of punishing American General for the same wrong. In effect, American General would receive multiple punishments for the same wrong.

### THIRTY-EIGHTH DEFENSE

Any award of punitive damages in this case would violate American General's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

### THIRTY-NINTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in <u>Pacific Mutual Life</u>

01208763.1

Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

## FORTIETH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

## FORTY-FIRST DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to American General's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such

01208763.1

guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art, I, § 15.

### FORTY-SECOND DEFENSE

Without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### FORTY-THIRD DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon American General's status as a large, out-of-state, corporate entity.

### FORTY-FOURTH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### FORTY-FIFTH DEFENSE

Plaintiffs' claims for punitive damages against American General cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in

01208763.1

violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### FORTY-SIXTH DEFENSE

Any award of punitive damages based on anything other than American General's conduct, if any, in connection with the sale of the specific product that is the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect American General against impermissible multiple punishment for the same wrong. See Gore v. BMW of North America, Inc., 116 S.Ct. 1509 (1996).

### FORTY-SEVENTH DEFENSE

Plaintiffs' demand for punitive damages is unconstitutional and violates American General's right to due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article I, Section 6, of the Alabama Constitution, because the jury is not authorized to apportion damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by each alleged tortfeasor.

01208763.1

## FORTY-EIGHTH DEFENSE

American General is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

## FORTY-NINTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to American General in this case.

## FIFTIETH DEFENSE

With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards set forth in the United States Supreme Court decisions of *State Farm Mutual Auto. Ins. Co. v. Campbell, Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* and *BMW of No. America v. Gore.*

## FIFTY-FIRST DEFENSE

American General has not intentionally discriminated against plaintiff based on plaintiff's race and/or violated plaintiff's civil rights.

## FIFTY-SECOND DEFENSE

The claims asserted under 42 U.S.C. §§ 1981 and 1982 are barred by the McCarran-Ferguson Act.

## FIFTY-THIRD DEFENSE

The conduct made the basis of the complaint is not cognizable under 42 U.S.C. §§ 1981 or 1982 in whole or in part.

01208763.1

## FIFTY-FOURTH DEFENSE

42 U.S.C. §§ 1981 and 1982 did not apply to post-formation conduct at the time of the events made the basis of this action, and subsequent amendments to these statutes may not be applied retroactively.

## FIFTY-FIFTH DEFENSE

To the extent that 42 U.S.C. §§ 1981 and 1982 did not apply to private conduct by non-governmental actors, their retroactive application here would violate due process.

## FIFTY-SIXTH DEFENSE

There were legitimate nondiscriminatory business reasons for the acts alleged.

## FIFTY-SEVENTH DEFENSE

Defendant reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

_____
Lee E. Bains, Jr. (BAI005)
Thomas J. Butler (BUT028)
Attorneys for Defendant, American General Life
and Accident Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

01208763.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing Answer of Defendant American General Life & Accident Insurance Company to Plaintiffs' Amended Complaint has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Nicholas H. Wooten
Wooten & Carlton, P.C.
P.O. Drawer 290
LaFayette, AL 36862

Robert S. W. Given
Burr & Forman, L.L.P.
420 20th Street North
SouthTrust Tower, Ste. 3100
Birmingham, Alabama 35203

on this the _____ day of August, 2005.

_____
OF COUNSEL

01208763.1