IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 AUG 10  A 10: 06

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| RUBY KENDRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:05cv762-C |
| ) | |
| AMERICAN GENERAL LIFE AND ) | |
| ACCIDENT INSURANCE COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE
COMPANY'S MOTION FOR A STAY PENDING TRANSFER
BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant American General Life and Accident Insurance Company ("American General") respectfully submits this motion for a stay pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") as to whether to transfer this civil action to the MDL proceeding created to consolidate and coordinate pretrial proceedings in cases with claims like those made by Plaintiff. In support of this motion, American General states as follows:

1. On November 21, 2001, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") created an MDL proceeding (the "American General MDL") to consolidate and coordinate cases involving allegations of discrimination in the sale and servicing of industrial life insurance policies issued by American General. The MDL Order, a copy of which is attached hereto as Exhibit A, states as follows:

> Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

*In re American General Life and Accident Insurance Co. Industrial Life Insurance Litigation*, 2001 WL 1487697, *1 (J.P.M.L. Nov. 21, 2001). The MDL Order transferred 13 actions to the Honorable Cameron McGowan Currie in the District of South Carolina.[1] The American General MDL is the sixth such MDL created by the Panel to oversee litigation involving allegations of discrimination in the sale and servicing of industrial life insurance policies; five other MDLs involving other insurance companies are pending in the Eastern District of Louisiana.

2. 28 U.S.C. § 1407 provides that a civil action involving one or more common questions of fact "may be transferred to any district for coordinated or consolidated pretrial purposes."

3. The instant civil action is one of at least 50 similar federal court actions that share numerous complex factual and legal issues, each arising from American General's alleged conduct. <u>All of the other federal court cases against American General are either in the MDL or are headed to the MDL for consolidation and coordination of pretrial proceedings.</u> The first 13 cases were transferred to the MDL pursuant to the Panel's November 21, 2001 Order. American General will ask the MDL Panel to transfer this case to the American General MDL.

4. By this motion, American General asks this Honorable Court to stay these proceedings pending a determination by the MDL Panel of consolidation and transfer.

---

[1] Another 28 cases, for which the MDL Panel is not required to take action, were already pending before Judge Currie. Since the November 21, 2001 Order, the Panel has issued conditional transfer orders for several additional tag-along cases.

01209175.1

2

5. The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed 153 (1936)(Cardozo, J.); *see also Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed.2d 945 (1997)("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

6. An immediate stay of this case pending a transfer decision by the MDL Panel will further the interests of judicial economy, efficiency and consistency.

7. Plaintiff does not oppose this Motion to Stay.

WHEREFORE, American General respectfully requests that all proceedings in this case be stayed pending a determination by the MDL Panel as to whether to transfer this action to the American General MDL for consolidation and coordination of pretrial proceedings.

                                                  Lee E. Bains, Jr. (BAI005)
Thomas J. Butler (BUT028)
Attorneys for Defendant, American General Life and Accident Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

01209175

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Motion to Stay Pending Transfer by the Judicial Panel of Multidistrict Litigation of Defendant American General Life & Accident Insurance Company has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Nicholas H. Wooten
Wooten & Carlton, P.C.
P.O. Drawer 290
LaFayette, AL 36862

Robert S. W. Given
Burr & Forman, L.L.P.
420 20th Street North
SouthTrust Tower, Ste. 3100
Birmingham, Alabama 35203

on this the _9th_ day of August, 2005.

_____
OF COUNSEL